## T. W. WALKER v. THE GERMAN INSURANCE COMPANY, OF FREEPORT, ILL.

1. INSURANCE— *Condition of Policy—Waiver.* In an action on a policy of insurance, where the defendant pleaded facts amounting to a waiver of a condition in the policy, a failure of the plaintiff to plead such waiver is cured.

2. WAIVER *of Proofs of Loss.* The defendant's answer alleges a provision in the policy sued on "that, in case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators," and avers that differences have arisen, and the defendant has requested arbitration. *Held,* That the furnishing of proofs of loss is waived.

3. ARBITRATION—*Waiver of Right.* The defendant has no right to insist on the execution of a written agreement to arbitrate containing provisions not stated in the policy; and where it insists on the execution of such written agreement before submission to the arbitrators, it waives its right to arbitration under the policy.

4. ———— *Not Requested.* The defendant, having failed to request in writing an arbitration under the policy, is deemed to have waived any right thereto.

*Error from Elk District Court.*

THIS was an action on a policy of insurance issued by the defendant company on the 3d day of August, 1888, insuring plaintiff against loss by fire on a hotel building in Moline, for the sum of $1,200. The building was burned about the 29th of the following July. The answer admits the execution of the policy, alleges that it was provided in the policy that the insured should furnish proof of loss within 60 days, and that a failure to furnish such proof should cause a forfeiture of all claims under the policy, and that the plaintiff wholly failed to furnish such proofs. The answer further alleges that the policy provided:

"In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to

impartial arbitrators, to be selected, one by the insured, one by this company, and the third, if necessary, by the two already provided for; an award of any two of whom, in writing, and under oath, shall be binding on the insured and this company as to the amount of such loss or damage, but shall not decide the liability of this company under this policy; and such written request shall designate a time and place for holding such arbitration. No suit against this company for the recovery of any claim for loss under this policy shall be sustainable in any court of law or chancery until an award shall have been made, showing the amount of loss as herein provided."

The defendant alleges that differences have arisen between the plaintiff and the defendant as to the amount of loss sustained, and that the defendant has requested an arbitration, as required by the provisions of plaintiff's policy, but that plaintiff has failed and refused to enter into said arbitration. The evidence shows that Mr. Winne, the adjuster of the company, went to Moline about the 20th of August, and had an interview with the plaintiff, and they together went to the place where the property was destroyed. They made rough measurements of the size of the building, by stepping it, and then went into a room and got a diagram of the building and figured on it. There was another policy of insurance, issued by another company, on the same building. After making a careful computation of the cost of the building, and deducting for wear and tear, the adjuster offered to settle on a basis of $2,151 for both policies. There was testimony placing the value of the building as high as $5,000. Proofs of loss were written up by the adjuster for both companies, but were made to show the amount of plaintiff's loss under the policy sued on as $806, and plaintiff refused to execute the proof in that form. Plaintiff testified that the adjuster stated that they had 60 days in which to determine whether they would replace the building or pay the money. About the 7th of October there was talk of arbitration, but no written demand made therefor within the terms of the policy. A. M. Jack-

son, plaintiff's attorney, testified that, in the conversation with Mr. Winne, Mr. Winne said:

"It makes no difference as to the question of any proofs of loss. I make no complaint in reference to that. . . . I recognize the validity of the policy, and I am here recognizing liability by virtue of that. . . . The question between us now is as to the amount we shall pay."

That after this was said, and in the same conversation, there was talk about arbitration; that Mr. Winne then prepared a written agreement to arbitrate. Mr. Jackson objected to some of the terms of the agreement, and altered the draft presented by Mr. Winne in such particulars as he deemed necessary in order to make it fair. Mr. Winne at first assented to the alterations, but afterward refused to accede to them, and insisted on his first draft. A demurrer to plaintiff's evidence was sustained by the court, which ruling is brought here for review.

*A. M. Jackson,* for plaintiff in error:

The case was tried upon the question as to whether the evidence was sufficient to prove a waiver of the conditions of the policy as to proof of loss, and was admitted upon the express admission of counsel for defendant in error, that "We have never waived any of the conditions of the policy," etc.

We maintain that, under *Lindley v. A. T. & S. F. Rld. Co.,* 47 Kas. 432, the question of waiver is properly before this court. Upon the facts we submit the following propositions of law:

1. An insurance company cannot set up for protection conditions broken against one when its conduct has induced him to believe that such provisions would not be insisted upon.

2. A waiver of a condition in an insurance policy may be shown by parol evidence, though the policy calls for a written indorsement of waiver. 15 N. Y. 587.

3. Evidence that the company's adjuster made an offer to compromise the claim for insurance is admissible to show

waiver of proof of loss. *Dwelling House Ins. Co. v. Green,* 26 W. N. Cas. (Pa.) 168.

4. An offer by an insurance company to settle loss is a waiver of proof of loss. *Commercial Fire Ins. Co. v. Allen,* 1 S. Rep. (Ala.) 202.

5. A waiver may be proved indirectly by circumstances as well as by direct testimony. *Home Ins. Co. v. Warehouse Co.,* 93 U. S. 527–546.

6. It is enough that the officers of the insurance company actually inspected the premises. Any further notice would be futile. *Owen v. Farmers' Ins. Co.,* 57 Barb. 518; *Roumoge v. Mechanics' Ins. Co.,* 13 N. J. 110. If they make no inquiry for proofs, but make a general investigation of the matter for themselves, it is a waiver. *West Rockingham Ins. Co. v. Sheets,* 26 Gratt. (Va.) 854; 3 Allen, 602; 49 Wis. 392; 93 Ill. 271; 123 Mass. 380; 102 Pa. St. 568; 10 W. N. Cas. 306; 37 Minn. 392; 33 W. Va. 526.

*Johns, Winne & Fairchild,* for defendant in error:

A waiver that would preclude the defendant from relying on the terms of the policy must be in the nature of an estoppel. If such waiver or estoppel is relied upon, it must be specifically pleaded, as it cannot be shown on a plea of performance. *Insurance Co. v. Johnson,* 47 Kas. 1; *Welsh v. Des Moines Ins. Co.,* 16 Ins. Law J. 592; *Edgerly v. Farmers' Ins. Co.,* 43 Iowa, 587; Ostrander, Fire Ins., p. 579; *Martin v. Mutual Fire Ins. Co.,* 3 Pugsley, N. B. 157; *Banking Co. v. Hutchins,* 53 Tex. 61; *Galveston Ins. Co. v. Heidenheimer,* 9 Ins. Law J. 592. See, also, *Hoxie v. Home Ins. Co.,* 32 Conn. 40; *Ripley v. Ætna Ins. Co.,* 30 N. Y. 164; *Cole v. Dial,* 12 Tex. 102; *Ross v. Swan,* 7 Lea, (Tenn.) 467; 83 Pa. St. 275; 50 Me. 134; 100 Mass. 375; 7 Heisk. 534.

Neither does the examination of the circumstances of a loss or of the value of the property destroyed, or the inspection of the premises destroyed, by an adjuster of the company, waive the necessity of the assured complying with the conditions of his policy. There is nothing in the making of such

examinations that could prevent or excuse the insured from complying with the terms of his policy and making his proofs of loss as stipulated therein. *Insurance Co. v. Sorsby*, 12 Ins. Law J. 381; *Ins. Co. of N. A. v. Bainbridge & Co.*, 7 id. 772; *Universal Fire Ins. Co. v. Weiss Bros.*, 13 id. 573; *Pioneer Mfg. Co. v. Phœnix Ins. Co.*, 19 id. 408; 10 S. E. Rep. 1057; 106 N. C. 28; *Warner v. Ins. Co. of N. A.*, 7 Ins. Law J. 628; *Bush v. Insurance Co.*, 6 Phil. Rep. 252.

The opinion of the court was delivered by

ALLEN, J.: The defense in this case is based solely on the failure of the plaintiff to comply with the provisions of the policy. Counsel contend for defendant in error that inasmuch as the petition avers compliance with the terms of the policy, and neither the petition nor the reply avers any waiver, under the decision in *Insurance Co. v. Johnson*, 47 Kas. 1, proof of waiver was incompetent. The defendant pleaded especially the provisions of the policy requiring proof of loss and providing for arbitration, and alleged a failure to furnish proofs of loss, and also a refusal to arbitrate. It will be observed that the clause in the policy with reference to arbitration provides that, in case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators. The defendant pleaded a demand of arbitration. We think this obviates any question as to proof of loss, and that a demand of arbitration under the policy is a waiver of proofs of loss. This fact having been pleaded by the defendant, it was unnecessary for the plaintiff to aver a waiver. Generally any statement or conduct on the part of the defendant, or its general agent, which would fairly give the plaintiff to understand that formal proofs of loss are unnecessary, will amount to a waiver of such proofs. (*Cobb v. Insurance Co.*, 11 Kas. 97; *Badger v. Insurance Co.*, 49 Wis. 389; *Insurance Co. v. Sheets*, 26 Gratt. 854; *Insurance Co. v. Dougherty*, 102 Pa. St. 568; *Deitz v. Insurance Co.*, 33 W. Va. 526; *Little v. Insurance Co.*, 123 Mass. 380.)

We think both the pleadings and the evidence show a waiver of proofs of loss.

The answer alleges that differences have arisen between the plaintiff and defendant as to the amount of loss sustained by the plaintiff; that the defendant requested arbitration, and that the plaintiff refused. There are cases holding agreements similar to that contained in this policy, with reference to arbitration of a particular matter, valid. (May, Ins., § 493; Wood, Ins., § 456.) The general rule is that an agreement providing for the submission of the whole matter in controversy to arbitration, thereby attempting to oust the courts of their general jurisdiction, is void. (See authorities above cited.) There are also authorities holding provisions like the one under consideration of no effect: *Insurance Co. v. Badger*, 53 Wis. 283; *Wallace v. Insurance Co.*, 1 McC. 335; *Hurst v. Litchfield*, 39 N. Y. 377. But this we need not decide. No written demand of arbitration was made by either party. The defendant, having failed to make a written request for arbitration, is deemed to have waived it. (*Insurance Co. v. Badger*, supra; *Wallace v. Insurance Co.*, supra; May, Ins., § 493a.) In any view of the case, the defendant had no right to insist on having the plaintiff sign a written submission containing provisions not provided for by the policy, and plaintiff was under no obligation to sign a contract which the evidence shows was prepared by the adjuster.

We think there was sufficient evidence to warrant a judgment for the plaintiff; that the demurrer thereto was improperly sustained.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.