HOME FIRE INSURANCE COMPANY V. MRS. R. J. BEAN.

FILED NOVEMBER 8, 1894.   NO. 5921.

1. A demand, by an insurance company, for arbitration in the manner provided in its policy, under which there has been a loss by fire, waives formal proofs of the loss.

2. The petition in this case *held* to contain a sufficient allegation of a demand for arbitration.

3. Where real property is wholly destroyed by fire, any provision of a policy of insurance covering such property which in any manner attempts to limit the amount of the loss to less than the sum written in the policy is in conflict with the statutory rule, invalid, and will not be enforced.

4. "A provision in a policy that no suit or action against the insurer 'shall be sustained in any court of law or chancery until after an award shall have been obtained' by arbitration, 'fixing the amount' due after loss, is void, the effect of such provision being to oust the courts of their legitimate jurisdiction." (See *German-American Ins. Co. v. Etherton*, 25 Neb., 505.)

5. When a policy of insurance, as an exhibit, is made a part of a pleading or petition, and is admitted by the answer, the facts stated therein become a part of the record in the case; and where some of the provisions of the policy are again pleaded in the answer as substantive matters of defense, and such provisions of the answer are demurred to by plaintiff, the action of the court in sustaining the demurrer is not prejudicial error.

ERROR from the district court of Thayer county.   Tried below before HASTINGS, J.

The opinion contains a statement of the case.

*Jacob Fawcett*, for plaintiff in error:

The failure of the assured to furnish proper notice and proof of loss with certificate of magistrate prevents her from maintaining the action. (*Columbian Ins. Co. v. Lawrence*, 2 Pet. [U. S.], 25; *Leadbetter v. Etna Ins. Co.*, 13 Me., 265; *Inman v. Western Fire Ins. Co.*, 12 Wend. [N. Y.], 452; *Roumage v. Mechanics Fire Ins. Co.*, 1 Green [N. J.], 110; *Protection Ins. Co. v. Pherson*, 5 Ind., 417; *Noonan v. Hartford Fire Ins. Co.*, 21 Mo., 81; *Cornell v. Hope Ins. Co.*, 3 Martin [La.], 223.)

The requirement for a magistrate's certificate must be literally complied with, unless there has been a waiver. (*Kerr v. British America Assurance Co.*, 32 U. C. Q. B., 569; *Cayon v. Dwelling House Ins. Co.*, 32 N. W. Rep. [Wis.], 540; *Morrow v. Waterloo County Mutual Fire Ins. Co.*, 39 U. C. Q. B., 441; *Johnson v. Phœnix Ins. Co.*, 112 Mass., 49; *Williams v. Queen Ins. Co.*, 19 Ins. L. J. [Conn.], 26.)

*S. W. Christy*, contra:

When the company demanded arbitration, it thereby waived proof of loss. (*Jones v. Merchants Fire Ins. Co.*, 13 Am. Rep. [N. J.], 405; *Allemania Fire Ins. Co. v. Pitts Exposition Society*, 11 Atl. Rep. [Pa.], 572; *Snowden v. Kittanning Ins. Co.*, 16 Atl. Rep. [Pa.], 22; *Fisher v. Crescent Ins. Co.*, 33 Fed. Rep., 544; *Dwelling-House Ins. Co. v. Gould*, 19 Atl. Rep. [Pa.], 793; *State Ins. Co. v. Schreck*, 27 Neb., 527; *Rokes v. Amazon Ins. Co.*, 34 Am. Rep. [Md.], 323; *Loeb v. American Central Ins. Co.*, 12 S. W. Rep. [Mo.], 374; *St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Neb., 351.)

The insurance company cannot limit its liability under the valued policy act by a provision in the policy of insurance. (*Thompson v. St. Louis Ins. Co.*, 43 Wis., 459; *Seyk v. Millers National Ins. Co.*, 41 N. W. Rep. [Wis.], 443;

*American Central Ins. Co. v. Haws*, 20 W. N. C. [Pa.], 370; *Oshkosh Packing & Provision Co. v. Mercantile Ins. Co.*, 31 Fed. Rep., 200.)

HARRISON, J.

The petition filed in this case in the district court of Thayer county alleged for a cause of action against the Home Fire Insurance Company of Omaha that the plaintiff therein, Mrs. R. J. Bean, was, on the 6th day of April, 1891, the owner of a certain hotel building in the village of Davenport, in Thayer county, and procured on said day a policy of insurance, No. 51277, to be issued to her by the company, by which she was insured against loss or damage by fire to the hotel building in the sum of $1,200; that the building was afterwards damaged by fire, and the company paid the sum of $88.45 in full settlement of such damage on October 15, 1891, and was duly credited therefor on the policy, reducing the amount to the sum of $1,111.55, for which it remained in force from and after October 15, 1891; that on November 14, 1891, the building was totally destroyed by fire, of which the plaintiff (defendant in error) gave the company notice and proof and demanded payment of the loss, and has duly performed on her part all the conditions of the policy of insurance; that the company demanded, in writing, arbitration of the loss, and after arbitrators had been chosen, withdrew the name of its arbitrator, but continued negotiations for settlement, and subsequently demanded that a new board of arbitrators be appointed to fix the amount of the loss; that the building was, when burned, of the value of $1,700, and there was no other insurance thereon. The prayer of the petition was for judgment in the amount of $1,111.55 and interest at seven per cent per annum from November 16, 1891, and the allowance of a reasonable attorney's fee and other costs. To this petition there was filed for the company the following answer:

"1. The defendant admits that it is a corporation as alleged in the plaintiff's petition; admits that on the 6th day of April, 1891, it issued to the plaintiff its policy of insurance covering the property described in plaintiff's petition; admits that on the 15th day of October, 1891, it paid the plaintiff the sum of eighty-eight and $\frac{45}{100}$ dollars ($88.45) in full settlement for damage caused to the property covered by said policy by fire on October 9, 1891; admits that said payment reduced the amount of said policy to the sum of one thousand one hundred and eleven dollars and fifty-five cents ($1,111.55), and denies each and every other allegation in plaintiff's petition contained.

"2. As a further defense to the plaintiff's action the defendant alleges that the amount of the defendant's liability under and by virtue of said policy was, by the terms and conditions of said policy, limited to three-fourths the actual cash value of said property covered by said policy at the time of the fire; and this defendant alleges that the actual cash value of said property at the time of said fire did not exceed the sum of $1,000.

"3. Defendant further alleges that said policy of insurance contains the following conditions and agreements, namely: If differences of opinion arise between the parties hereto as to the amount of loss or damage, that question shall, at the written request of either party, be referred to two disinterested and competent men, each party to select one, who shall ascertain, estimate, and appraise the loss or damage; and in case of disagreement, the two so chosen to select a third, who shall act as an umpire on disputed points only, and their award in writing, duly sworn to, shall be binding on the parties hereto as to the amount of said loss or damage, but no appraisal or agreement for appraisal shall be construed as evidence of the validity of said policy or the company's liability therein; and each party to pay their own appraiser and one-half the umpire's fee.

"4. The defendant further alleges that in accordance

with said agreement and conditions contained in said policy the defendant, after said fire, in writing, notified and requested the plaintiff to submit the differences of opinion between the plaintiff and this defendant, in relation to the amount of loss or damage which the plaintiff had sustained, to two disinterested and competent men, in accordance with the terms of said policy, to ascertain an estimate and appraise the said loss or damage, and requested the plaintiff to notify this defendant of the person of whom the plaintiff had selected to act as appraiser in that behalf; that thereupon the plaintiff did select an appraiser and notified this defendant of said fact, whereupon this defendant selected one F. W. Hollingsworth, of Davenport, Nebraska, to act as its appraiser and notified the plaintiff of that fact; that within a few days thereafter, and before any step had been taken by the plaintiff or defendant, or by the appraisers so appointed, to make any appraisement of said loss or damage, this defendant was informed that the said Hollingsworth was not a disinterested appraiser, whereupon the defendant, at once, on the 11th day of January, 1892, notified the plaintiff in writing that this defendant withdrew the name of F. W. Hollingsworth to act as its arbitrator, and that it would within a reasonable time appoint another person to act as its arbitrator as aforesaid; that three days afterwards, to-wit, on the 14th day of January, 1892, this defendant notified the plaintiff that it had selected one Joseph Williams to act as its appraiser instead of said Hollingsworth; that two days later, to-wit, on the 16th day of January, 1892, this defendant appeared at Davenport, Nebraska, with the said appraiser and notified the plaintiff that it was ready and willing to proceed at once to said appraisement, but the plaintiff, in violation of the terms, conditions, and agreements contained in said policy, failed, neglected, and refused to proceed with the appraisement, or to enter into any agreement for any future day upon which to appraise said loss or damage, if any, to

said property; that subsequently thereto, to-wit, in the latter part of January, 1892, this defendant again demanded of the plaintiff an arbitration of said loss and damage to said property, but the plaintiff again refused to enter into said appraisal; and the plaintiff had at all times since the said date refused to enter into any appraisement or arbitration of the amount of loss or damage which the plaintiff may have sustained by reason of said fire, by means whereof the defendant has been unable to ascertain or determine the actual amount of said plaintiff's loss or damage by fire under said policy; but the defendant is informed and believes that the actual loss and damage sustained by the plaintiff under said policy does not exceed the sum of one thousand dollars ($1,000), and that by the terms of said policy the defendant would not in any event be liable for more than three-fourths of said amount, to-wit, the sum of seven hundred fifty dollars ($750), but the defendant alleges that by reason of the failure and refusal of the plaintiff to have the loss and damage by said fire a praised as required by said policy, prior to the commencement of this suit, said suit was at the time of its commencement premature.

"5. The defendant further alleges that the said policy of insurance contains the following agreements, restrictions, and limitations, to-wit: '18. No suit or action of any kind against this company for the recovery of a claim under this policy shall be sustained in any court of law or chancery until after an appraisement and award shall have been made, if requested, fixing the amount of such claim in the manner above provided.'

"6. The defendant further alleges that no appraisement or award has been made fixing the amount of plaintiff's claim under said policy, although the same has been requested in writing by the defendant as hereinbefore set forth. Wherefore the defendant prays that the plaintiff's action be dismissed and the defendant recover its costs."

There was then filed for Mrs. Bean what was styled "a reply," but which was in fact a general demurrer to the second, third, fourth, fifth, and sixth paragraphs of the answer. This was, on hearing, sustained, an exception to the ruling was taken by counsel for the company, and the company declined to plead further. A jury was waived and the case tried on its merits and submitted to the court, and at a subsequent date, during the same term, the court made a finding in favor of Mrs. Bean, and that there was due her from the company the sum of $1,162.75 and allowed the further amount of $60 as an attorney fee. Motion for new trial was filed on behalf of the company, which was overruled, and judgment was rendered in accordance with the findings. The company brings the case here for review.

It is argued by counsel for plaintiff in error that inasmuch as the company, in its answer, had denied that the loss was total, the defendant in error should not have been allowed to prove a waiver of the proofs of loss unless it was alleged in the petition or the reply, and that it was not alleged in either; that there was no evidence that proofs of loss were furnished, and hence the defendant in error was not entitled to recover, and the judgment should be reversed and a new trial awarded. The petition contained the following allegation: "That the defendant company demanded an arbitration of said loss, in writing, and after arbitrators had been chosen, said defendant withdrew the name of its arbitrator, but continued negotiations for settlement, and subsequently demanded a new board of arbitrators be appointed to fix amount of said loss." This was certainly a sufficient statement of a demand for arbitration and was followed by proof of the fact. This was a sufficient pleading of the waiver of the proofs of loss and amply supported by the evidence and relieves this branch of the case of the objections urged against it. Both pleadings and evidence showed a waiver of proofs of loss. Where

arbitration is demanded it is a waiver of the proofs of loss. (*Walker v. German Ins. Co. of Freeport*, 33 Pac. Rep. [Kan.], 597, and cases there cited.)

Another assignment is that it was error to sustain a demurrer to certain portions of the answer and thus strike them from the answer or exclude them from the issues. The petition pleaded the issuance of the policy, gave its number, and made it a part of the petition. The answer admitted the issuance of the policy and denied that the loss was total. Under this condition of the pleadings, if the company had proved. that the loss was not a total one, it would have been entitled to the benefit of all the provisions of the policy as they were pleaded and admitted to exist. The issuance and existence of the policy in its entirety had been pleaded by one party and admitted by the other, and had thus become a part of the record without further proof. Referring to that portion of the answer in which the demand for arbitration is alleged, and the further complaint that by reason of fault on the part of defendant in error the arbitration was not made, and that this being a condition of the policy upon the fulfillment of the requirements of which the company was entitled to insist, hence the suit was prematurely brought, and the contention that it was error for the court to sustain a demurrer to the part of the answer in which this was pleaded, we think the action of the court was not erroneous, as this court has decided that such a provision in the policy was void. (See *German-American Ins. Co. v. Etherton*, 25 Neb., 505, and cases cited.)

It is next claimed that the court erred in finding for the defendant in error for the full amount for which the suit was brought. The policy upon which the action was based stated that "In consideration of forty-two dollars do insure Mrs. R. J. Bean against loss or damage by fire to the amount of twelve hundred dollars ($1200). * * * Other insurance permitted, not to exceed three-fourths of the actual

cash value of the property.    In case the amount of insurance exceeds three-fourths of the actual cash value at the time of fire, this company shall be liable only for its *pro rata* share of three-fourths of the actual cash value of said property." It might be said here that probably the part of the policy in which the above statement appears limiting, under the condition set forth, the liability to a share of the cash value only, refers to a loss where there is other insurance on the property, but it is contended by the counsel for the company that it applies to all cases and to the case at bar in the adjustment of the loss between the insurer and insured.    In this we cannot agree with counsel.    Our statute (on this subject see Compiled Statutes, 1893, sections 43 and 44, chapter 43) not only states that where the property shall be wholly destroyed, that the amount written in the policy shall be taken conclusively to be the true value of the insured property, but that it shall also be the true amount of the loss and measure of damages.    To give to the provision of the policy we have quoted the force and effect claimed for it would be in direct conflict with the provision of our statutes. This portion of the policy was invalid and could not be enforced.    The judgment of the district court is

AFFIRMED.