GEORGE DEE & SONS COMPANY v. THE KEY CITY FIRE INSURANCE COMPANY, Appellant.

Insurance: APPRAISEMENT: *Condition precedent.*  An appraisement and award is a prerequisite to the maintenance of an action on an insurance policy unless such appraisement is waived or submission and award prevented by the company, where the policy provides that the ascertainments and estimates shall be made by the parties, or if they differ, by the appraisers, and that the loss shall not be payable until sixty days after the award of the appraisers has been rendered.

SAME: *Right of assured to appraisement.*  An insured has the right to insist that if an appraisement of the amount of damages provided for by the policy is made it shall embrace all property claimed by him to be covered by the policy, although the company denies that it is so covered.

WAIVER.  A condition in an insurance policy making an appraisement a prerequisite to the bringing of a suit on the policy is waived where the company refuses to permit an agreement of

submission to appraisements to be so changed as to embrace certain property claimed by the insured to be covered by the policy, although the company denies that such property is within the policy.

*Of proof of loss.* Proofs of loss are waived by an insurance company where the secretary of the company, empowered to waive such proofs, leads the insured to believe that he has done all in that respect that is required and promises an early payment of the loss.

*Appeal from Dubuque District Court.*—HON. J. L. HUS-TED, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION on a policy of fire insurance. Verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Longueville & McCarthy* for appellant.

*D. E. Lyon* and *Henderson, Hurd, Lenehan & Kiesel* for appellee.

KINNE, C. J.—I Plaintiff corporation was, on and prior to June 28, 1894, the owner of a plant in the city of Dubuque, consisting of a brick building containing certain fixed and immovable machinery, engines, and boilers, a stock of baskets and lye, manufactured and in process of manufacture, all of which machinery, engines, and boilers were used in the manufacture of baskets and lye. On that date, and prior thereto, plaintiff held a policy of insurance covering said property in the defendant company for two thousand dollars. There was other concurrent insurance upon the property, so that it is conceded that the defendant's liability, if any, is for only one-fourth of the loss or damage sustained under said policy. The pleadings and amendments thereto present several issues, but the following are the important questions presented for

consideration: (1) Did the policy require arbitration as a prerequisite to the payment of the loss, and to the maintenance of the action? (2) Was such requirement, if it existed, waived by the acts of the defendant company? (3) Was there such fraud on plaintiff's part as would forfeit all claim under the policy? (4) Were proofs of loss furnished in time, or were they waived? (5) Did the court err in the ruling upon the evidence? (6) Was it error to refuse the defendant a continuance? (7) Was there error in giving or refusing instructions?

Touching the ascertainment of the loss, the policy provides: "Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers as hereafter provided; and, the amount of loss or damage having been thus determined, the sum for which the company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company, in accordance with the terms of this policy * * * The amount of sound value and of damage shall be determined by the mutual agreement of the company and assured, or, failing to thus agree, the same shall then be determined by appraisal of each article by two competent and disinterested appraisers, one to be appointed by assured, and the other by this company, and the two so chosen shall first select a competent and disinterested umpire. * * *" After providing that they shall make the appraisement, and, if they do not agree, that they shall submit their differences to the umpire, and that the award of any two of them shall be final, and that the company may repair, replace, or rebuild the property, it is further provided that "until sixty days after the proofs, certificates, plans, and specifications and award of appraisers

herein required shall have been rendered, and examination perfected by assured, the loss shall not be payable." Now, the rule which governs such stipulations is stated in *Hamilton v. Insurance Co.*, 137 U. S. 370 (11 Sup Ct. Rep. 133), in the following language: "A provision in a contract for the payment of money upon a contingency that the amount to be paid shall be submitted to arbitrators, whose award shall be final as to that amount, but shall not determine the general question of liability, is undoubtedly valid. If the contract further provides that no action on it shall be maintained until after such award, then  *  *  *  the award is a condition precedent to the right of action. But when no such condition is expressed in the contract, or necessarily to be implied from its terms, it is equally well settled that the agreement for submitting the amount to arbitration is collateral and independent, and that a breach of this agreement, while it will support a separate action, cannot be pleaded in bar to an action on the principal contract." This rule has been cited with approval by this court. *Lesure Lumber Co. v. Mutual Fire Ins. Co.*, 101 Iowa, 514; *Zalesky v. Insurance Co.*, 102 Iowa, 613; *Read v. Insurance Co.*, 103 Iowa, 307. Now, this policy does not in express terms prohibit the bringing of an action until an arbitration is had; but it does provide that, when the parties cannot agree, the loss shall be determined by arbitration, and that the sum for which the company is liable "shall be payable sixty days" thereafter; and in another place it provides that, "until sixty days after the  *  *  * award of appraisers herein required shall have been rendered,  *  *  *  the loss shall not be payable." These provisions of the policy clearly imply that the loss is not due or payable until sixty days after the appraisement or award is returned. If the loss is not payable until such time, it is equally clear that suit cannot be maintained until sixty days after the award

is returned. Under the wording of this policy, we think
the appraisement and award was a prerequisite to the
maintenance of the action, unless it was waived, or
submission and award was prevented, by the acts of the
defendant.

II.    That such a provision in a policy of insurance
may be waived is well settled. It appears that the
provision touching arbitration was not the same in all
of the policies. It also appears that the interested
companies served a joint notice demanding an appraise·
ment. Plaintiff was not bound to agree to or to
enter into a joint arrangement with all of the
companies for a single appraisement. He had a
right to insist upon a separate appraisement in this
action, in accordance with the terms of the policy. If
he did assent to a joint appraisement, he had the
undoubted right, in view of the difference in the provis·
ions of the several policies, to protect himself against
subsequent misunderstanding which might arise in
consequence of these differences in the several policies.
If, as he claims, defendant would submit to no changes
in their printed agreement of submission in that
respect, we think it should be held to be a waiver on its
part of any right to insist upon the appraisement and
award. The agreement of submission presented to
plaintiff for his signature provided that the appraise-
ment should not "determine, waive, or invalidate any
other right or rights of either party to this agreement,"
except the loss or damage. After the quoted words,
the plaintiff's attorney added "except as per provision
of policy or proper construction of terms thereof." We
suppose the thought was to make it certain that plain-
tiff would not, by signing the agreement to submit,
waive any right he might have by virtue of the provis-
ions of the policy. It does not seem to us that this
added claim in any way changed the agreement for sub-
mission or its legal effect, and whether it was inserted

or not was immaterial. The agreement for submission provided: "The property on which the sound value and the loss or damage is to be determined is as follows:" [Then followed a description of the property as it is found in the policy.] This, plaintiff's counsel struck out, and, in lieu thereof, inserted "as shown in policies and claim of assured attached hereto." We think this was a change which the plaintiff had a right to insist upon.

The chief controversy between plaintiff and defendant was this: Plaintiff was insisting upon pay for certain articles as being covered by the policy, though not expressly specified in the policy. The defendant was denying any liability therefor, because they were not expressly enumerated in the policy. Now, it was no part of the duty of the appraisers to determine this controversy, or to determine what property, in fact, the policies covered. Clearly, we think plaintiff had a right to insist that, if an appraisement was made, it should embrace all property claimed by him to be covered by the policy. It would then leave to be determined by the parties, or by litigation, the question as to whether or not these articles of property were really embraced within the provisions of the policy, though not specifically enumerated. In any event, it could have worked no injury to the defendant, and it can readily be seen that it was necessary or might be necessary for the protection of plaintiff's rights, in the event that it should thereafter be established that said items of property were embraced within the provisions of the policy. Again, if at any time thereafter plaintiff's right to recover for said articles should be established, it might be claimed that, by entering into the agreement for a submission which did not specifically enumerate said articles, he had waived any right to claim compensation for them. He was not

obliged to permit himself to be placed in such a situation. His insistence in this respect was reasonable, and as there was no conflict in the evidence touching this particular matter, and it showed conclusively that the plaintiff was demanding an appraisement of all articles of property which he claimed were covered by the policy, and that the defendant refused to permit the agreement to be so changed as to embrace them, the court did not err in instructing the jury not to consider the defense of want of arbitration. The defendant must be held by its acts to have waived the right to insist upon the arbitration.

III. The court did not err in refusing to submit the issue of fraud to the jury. Without entering into a discussion of the evidence, it is sufficient to say that there was no evidence of fraud which would warrant the court in submitting such an issue to them.

IV. The secretary of the defendant company had the right to waive proofs of loss, and did so. He led the plaintiff to believe that he had done all in that respect that was necessary, and promised an early payment of the loss. He made no objections to the proofs in fact furnished. The demand for arbitration, which is not controverted, was of itself a waiver of proofs of loss. *Walker v. Insurance Co.*, 51 Kan. Sup. 725 (33 Pac. Rep. 597); *Insurance Co. v. Bean*, 42 Neb. 537 (60 N. W. Rep. 907). No plea in abatement was entered, and, if it had been, it would have been unavailing, as more than ninety days had elapsed after the proofs of loss were waived, and before this action was commenced. The waiver took place within the thirty days provided in the policy within which proofs of loss must be furnished. As the action was not prematurely brought, and the furnishing of proofs of loss was waived, the court correctly took the question of waiver from the jury.

V.   We have examined the record as to the other errors assigned, and discover no reason for disturbing the judgment below.   The judgment below must be AFFIRMED.