MRS. A. K. ROSS *et al., as Partners, etc., Appellees, v.* THE PHENIX INSURANCE COMPANY, *Appellant.*

No. 16,992.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Action on the Contract without First Suing to Set Aside Award of Arbitrators.* Where a plaintiff in his petition sets up a contract of insurance, and alleges compliance with its conditions and also a loss which the defendant had refused to pay, and the defendant answers that under the contract an arbitration had been had and an award made, the amount of which had been tendered to and refused by the plaintiff, and the plaintiff replies that the award was not honestly made and is therefore not binding, the plaintiff has a right to have the court determine in that action the amount which he is entitled to recover on his policy without first bringing a separate action to have the award set aside.

2. ——— *Proofs of Loss—Waiver.* A clause in the policy requiring that proofs of loss should be given a certain time before the action for the loss is brought is deemed to be waived when the insurance company, through its adjuster, proceeds

Ross v. Insurance Co.

to adjust the loss, and, upon a disagreement arising as to the amount of the loss, an arbitration is demanded by the company, to which both parties agree.

Appeal from Crawford district court. Opinion filed April 8, 1911. Affirmed.

*Eugene S. Quinton, E. L. Sniaer,* and *M. A. Fyke,* for the appellant.

*O. T. Boaz,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Phenix Insurance Company issued two policies, of $500 each, insuring appellees' stock of merchandise. A fire occurred during the life of the policies which damaged a part of the goods insured. Appellees brought an action against the insurance company, alleging a loss of $1000; that they had complied with the conditions of the policy essential to a recovery of the loss, and that the insurance company had refused to pay the loss. In addition to a general denial and an averment that the action was prematurely brought, the insurance company answered that soon after the loss occurred a disagreement arose between the parties as to the extent of the loss, and that under a provision of the policy each party chose an appraiser and the two appraisers chose an umpire, and that together they made an award fixing the total loss at $838.02, and, there being additional insurance, the proportionate amount of the total loss due from appellant was $192.20, which had been tendered to appellees and by them refused. In the reply appellees attacked the honesty of the appraiser chosen by appellant, and also of the umpire, alleging that they were chosen to wrong and defraud appellees; that, instead of being disinterested and fair, they ignored the appraiser selected by appellees and arbitrarily and fraudulently fixed values, regardless of the goods that were in the stock and of the extent to which they were damaged.

They therefore asked the court to set aside the award and to give them judgment for the actual loss in accordance with the demand made in their petition. Testimony was received as to the amount of the loss and tending to show that the award was not fairly made in accordance with the contract—was not the honest judgment of the appraisers, and that it was otherwise invalid. On the testimony the jury awarded appellees $1013.17.

Appellant contends that it was error to allow appellees to plead and prove a loss under the policy because it appeared from the pleadings that the amount to become due had been settled by an award made by arbitrators, mutually selected by the parties to the contract, and that the cause of action which appellees had was on the award and not on the policy. It is insisted that if appellees choose to challenge the binding force of the award they should first bring an equitable action to set aside the award, and, succeeding in that, they might then bring an action on the policy. Two actions to determine the extent of appellees' loss are not necessary and would not be tolerated under the modern practice. The distinction between actions at law and suits in equity has been abolished and all matters growing out of the contract of insurance, such as the matter of arbitration and the validity of the award, may be tried out in the same action. (*Walker v. Insurance Co.*, 51 Kan. 725; *Insurance Co. v. McLead,* 57 Kan. 95; *Insurance Co. v. Payne*, 57 Kan. 291.) The right to blend law and equity in a single action is illustrated in the case of *Insurance Co. v. Stone,* 61 Kan. 48, where a demand for specific performance of a contract to issue a policy of insurance was united with a cause of action to recover on a loss, the same as though the policy had been formally issued.

In this case the amount of the loss resulting from the fire, and against which appellees were insured, was the principal issue in controversy, and whether a binding

award was made was only an incident of the main issue. Appellees set up the contract of insurance, the loss, compliance with the conditions of the contract, and a refusal to pay the loss. Appellant answered that there was a contract of insurance, but that the amount of the loss had been fixed by an award made in pursuance of the contract. Appellees replied, "Yes, there was an attempt at an award, but it was not fairly made and is invalid." It is competent for a plaintiff to set up in a reply matter in avoidance of a defense pleaded in an answer, even though that set up might of itself constitute a good cause of action against the defendant. Appellees might have told the whole story in their petition by pleading the attempt to arbitrate and the invalidity of the award made, but perhaps they had no assurance that the appellant would rely on that award, and, when it was set up as a defense, they were justified in alleging that the award was illegal. Under the code such allegations in the reply "shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require." (Civ. Code, § 129.) There was no demurrer to the reply and the parties entered upon the trial without any suggestion that the allegations were not responsive and sufficient, and, having been pleaded in that action, the court was justified in trying out the question whether the award limited or affected the amount to be recovered under the policies. Indeed, appellant would have had good reason to complain if appellees had split the controversy and had brought two actions against appellant, and thus subjected it to unnecessary trouble and expense.

It is next argued that the contract contained a clause providing that a loss should not become payable until sixty days after proofs of loss were furnished by the insured, and that there was no evidence showing when, if ever, proofs of loss had been made. It seems that notice of loss reached the company within a few days

after it occurred, and that appellant's adjuster proceeded to inquire into the extent of the loss without challenging the sufficiency of the proofs. There is. nothing in the abstract showing that the proofs of loss. were incomplete, or that the action was begun less than sixty days after they were made; but, however that may have been, the request for arbitration and the steps taken toward an adjustment of the loss were an effectual waiver of proofs of loss. (*Walker v. Insurance Co.*, 51 Kan. 725.) Appellees established their claim that the so-called award was not binding, and, as it is taken out of consideration, the time within which the action must be commenced is not limited by the time the award was made.

We find no error in the proceedings, and the judgment is therefore affirmed.