# Union Marine Ins. Co. *v.* Charlie's Transfer Co.

*Assumpsit.*

(Decided April 16, 1914.   65 South. 78.)

1. *Pleading; Misjoinder; Objections.*—Each count much stand or fall on the merits of its own averment; there may be a misjoinder of action, but that objection goes to the complaint as a whole, and separate counts cannot be stricken on motion or demurrer.

2. *Same; Supplemental; Discretion.*—Where the evidence showed that there was no merit in the proposed defense, it was no abuse of discretion for the trial court to deny defendant leave to present the new defense in the form of a plea, after the close of the evidence.

3. *Actions; Joinder.*—Under sections 5328-9, Code 1907, the beneficiary of the fire policy, who has suffered a loss may join actions on the policy with those on an award made in arbitration, in the same complaint.

4. *Appeal and Error; Harmless Error; Evidence.*—Where the insurer waived all questions as to the fact and sufficiency of the proof of loss, secondary evidence by the insured as to the contents of the proof of loss, was harmless if erroneously admitted.

5. *Same; Review; Discretion.*—The denial of leave to file a plea presenting a new defense, after the close of the evidence, was the exercise of the discretion of the court, not to be reviewed unless clearly abused.

6. *Charge of Court; Ignoring Issues.*—Where the action counted on the fire policy, as well as on an award and arbitration of the loss covered by the policy, a charge on damages which ignored the award was properly refused as ignoring issues.

7. *Insurance; Award; Effect.*—An award, made in arbitration of the loss covered by a fire policy, merges the right of action on the policy and the insured is entitled to recover only on the award.

8. *Same.*—Upon an award in arbitration of a fire loss under such a policy, breach of stipulations relating to notice and proof of loss are waived, and a plea, to a count on the award, which sets up failure to give notice and proof of loss, and that there was no waiver is subject to demurrer.

9. *Same; Fire Policy; Action.*—A policy which insured an automobile against destruction or damage by fire, theft, and the perils of transportation, is a fire policy nevertheless, and should be declared on under the Code form, the policy being admissible under such complaint.

10. *Same; Evidence.*—Where a failure to give. notice to submit proof of loss was alleged in an action on a fire policy, evidence that insured had notified insured's agent and had made proof of loss upon the blanks furnished, by the agent, and that the insurer had sent an adjuster without objection, is admissible.

11. *Same; Waiver.*—By entering into an arbitration within the time allowed under the policy for proof of loss, the insurer waived all questions as to the facts and sufficiency of the proofs of loss.

12. *Same; Award.*—Where the policy provided that the award of the arbitrators and umpire, or any two of them, should determine the amount of the loss, a written award signed by one arbitrator and the umpire is admissible in evidence, where the other dissented and refused to sign as an expression of his dissent.

13. *Same; Evidence.*—Where the pleas did not present the defense that title to the property was not in the insured, evidence to that effect was properly rejected.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by the Charlie's Transfer Company against the Union Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Counts 5 and 6 allege respectively the insurance of the automobile truck which was destroyed by fire, and that the policy contained an agreement that, in the event of disagreement as to the amount of loss or damage, the same should be ascertained by two competent and disinterested appraisers, to be selected one each by the insurer and insured, and, on their failure to agree, that the two chosen should select a competent and disinterested umpire. The counts then set up the disagreement as to loss, the selection of the appraisers, the choice of an umpire the award, and the notice of the award to defendant, and its failure to perform the same. The other counts were on the insurance policy in code form. Following is charge 5, refused to defendant: "I charge you, gentlemen of the jury, if you believe the evi-

dence in this case, the measure of plaintiff's recovery, if it is entitled to recover at all, is the reasonable cost of repairing the automobile truck mentioned in the complaint, or, if necessary, replacing the parts damaged or destroyed, including the charges incidental thereto."

JOHN T. GLOVER, for appellant. An award of arbitrators or apraisement operates as a merger of the original cause of action, and may be pleaded in bar of any subsequent suit founded on the original claim or demand. —*Brewer v. Bayne,* 60 Ala. 159; *Callier v. Whatley,* 120 Ala. 38; 2 A. & E. Enc. of Law, 798. Under the authorities the action of the court on the pleadings was error to injury. The court improperly admitted the policies, as it was not a fire policy altogether.—*Nat. L. I. Co. v. Lokey,* 52 South. 45; *U. S. Co. v. Veitch,* 50 South. 95; *Patterson v. Grand Lodge,* 50 South. 277. A local agent had no authority to waive forfeitures, or otherwise bind a company for the loss.—*Prine v. Am. Co.,* 54 South. 547; *Ala. Co. v. Long & Co.,* 123 Ala. 667. The award was prima facie void.—*McCarty v. Harrison,* 36 Ala. 577. The court erred in declining to permit the filing of the pleas after the close of the evidence.

STERLING A. WOOD, and FRED S. FERGUSON, for appellee. The court properly declined to strike the separate counts on motion or demurrer.—§§ 5329, 5657-9, Code 1907, and authorities cited. The proper construction of the policy will be found in 184 Fed. 391, and 187 Fed. 730. All that pertained to the acts and authority of the agent Moore was a direct issue, and evidence of such was admissible.—*Day v. Home I. Co.,* 58 South. 549; *Conti. I. Co. v. Ogburn,* 57 Ala. 853; *Learned-Letcher Co. v. Chatchie,* 111 Ala. 454. It is within the trial court's discretion to permit the filing of additional pleas

after the evidence was closed.—*Craig v. Pearson L. Co.,* 60 South. 837; *Steele v. Tutwiler,* 57 Ala. 113. There was no issue as to the title of the property, and if the pleas had been filed, it could not have affected the result.—*Commercial U. A. Co. v. Ryalls,* 169 Ala. 517.

SAYRE, J.—Plaintiff joined counts on a policy of insurance with others, counting on an award made in the arbitration of a loss suffered under the same policy. Defendant objected to the presence of the counts on the policy, saying that the cause of action there counted upon had been merged in the award shown by the other counts. The doctrine of merger in such cases cannot be doubted; but it does not follow that the policy counts should have been stricken on motion or demurrer. Each count must stand or fall upon the merits of its own averments. There may be a misjoinder; but an objection on that ground goes to the complaint as a whole. There was in this case no objection to the complaint as a whole, nor was there any ground of objection. Under the statute of this state all actions on contracts may be joined, and even actions ex delicto may be joined with actions ex contractu arising out of the same transaction, or relating to the same subject-matter.—Code, §§ 5328, 5329. So defendant might have stood upon the award, if it had been so disposed, or it might have pleaded inconsistent pleas.—*Ferdon v. Dickens,* 161 Ala. 181, 49 South. 888. But defendant had no right to limit the controversy at its threshold to the award. It might take inconsistent attitudes in pleading, as being uncertain of the result of the evidence, but it could not expect either court or jury, when it came to the pinch of deciding the question of fact, to hold in one breath that there was and there was not a valid award. All this may seem too plain for argument.

Pleas 3, 4, and 5, as pleaded to the counts on the award, at first alleged plaintiff's breach of stipulations of the policy relating to notice and proof of loss. As amended, they averred that the appraisement and award were had under an agreement that the appraisement for the purpose of ascertaining and fixing the amount of the loss should not be held for a waiver of any other right of either party. The pleas as amended anticipated a replication of waiver by averring a nonwaiver clause. But their last state was no better than their first. There was no averment of waiver on the record, nor could there have been any question of breach or waiver under these counts, for the reason that all such questions were merged in the award alleged (*Callier v. Watley*, 120 Ala. 38, 23 South. 796), as the court was justified in holding on the demurer.

There was nothing in the objection to the introduction of the policy in evidence that it varied from the policy declared upon. The declaration of some of the counts, in the code form, was for the destruction or damage by fire of plaintiff's automobile truck, which defendant had insured against loss or damage by fire, "and other perils in the policy of insurance, mentioned." The policy insured, not only against fire, but against pilferage and the perils of transportation, and was thus not exclusively a fire policy. It was a policy of fire insurance, none the less, and the code form was properly used in declaring upon it. The policy was properly admitted in evidence.

Moore was defendant's local agent to solicit and write insurance at Birmingham, and had written the policy in suit. After the loss plaintiff had consulted with Moore, giving notice and proof of loss through him; that is, plaintiff had notified him of the loss, and had prepared his proof of loss on a blank form furnished

by Moore, and had trusted it to Moore to be forwarded to defendant. It was shown without dispute that defendant had received notice or proof of loss in some shape, and had acted upon it by sending an adjuster, without objection that there had been no notice of loss, nor that it was not "immediate," as the policy required, nor that there had been no sufficient proof of loss. It had, however, by its pleas put these things in issue. That the questions to plaintiff as a witness, eliciting his statement of these facts, were proper is hardly open to debate. Plaintiff was then allowed to testify generally that the contents of the document delivered by him to Moore for transmission had reference to the loss of his automobile truck. Objection was made to this testimony on the ground that the document itself was the best evidence of its contents. The correctness of the court's ruling in admitting this general statement of the nature of the document might be vindicated, but it is not necessary. By entering into the arbitration within the time allowed for proof of loss according to the stipulation of the policy, as unquestionably it did, defendant waived all question as to the fact and sufficiency of the proof of loss. So that, even though the ruling should be held for error, it was harmless.

Appellant assigns for error the admission in evidence of the award made by the umpire and one of the appraisers. The signature of the other appraiser was not appended, and on this omission appellant bases its assignment of error, citing *McCrary v. Harrison,* 36 Ala. 577. The agreement, made in pursuance of a stipulation of the policy, provided that the award of the appraisers and umpire, or any two of them, should determine the amount of the loss. It was made very clearly to appear, and this without contradiction, that the second appraiser had not failed to sign the award for lack of

opportunity to consider and signify his concurrence or dissent, but because, having fully and finally considered the matter with his fellows, he had signified his dissent and absolute refusal to sign; whereas, the ruling in *McCrary v. Harrison,* was put upon the ground that an award, signed by only two arbitrators under the statute in the absence of the third, and without notice to him, the arbitrators having previously reached an agreement expressly made, subject, however, to future alterations upon anticipated suggestions of errors by the parties, was prima facie void. We find no error in this ruling.

It is enough to say of appellant's assignment of error, based on the court's refusal to allow the witness McPherson to state his judgment as to whether notes plaintiff had given for the purchase price of truck retained title in the vendor, that at the time of the ruling complained of no issue had been made concerning plaintiff's sole and unconditional ownership of the truck.

After the evidence had closed, appellant asked leave to file a plea presenting the defense that the policy was void under its terms because plaintiff had not the sole and unconditional ownership of the truck during the life of the policy. The court refused to allow the plea to be filed, and appellant excepted. The matter rested within the discretion of the court, and will not be revised in the absence of a clear showing of abuse.—*Craig v. Pierson Lumber Co.,* 179 Ala. 535, 60 South. 838. We have cases that look strongly to the proposition that plaintiff had title within the meaning of the policy without regard to payments made, even though the purchase-money notes reserved title in the vendor.—*Commercial Union Assurance Co. v. Ryalls,* 169 Ala. 517, 53 South. 754; *Loventhal v. Home Ins. Co.,* 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17. But aside from that, enough appeared in the evidence to

show that, most likely, there was no merit in the proposed plea. Incidentally and while the parties were introducing evidence pro and con on the subject of the price plaintiff had paid for the truck as attesting its value, it had appeared by the testimony, which carried no suggestion of uncandor, and which there was no reason to suppose appellant might hope to controvert, that, with accounts settled between plaintiff and the vendor, there was no outstanding real claim against the truck.

Charge 5, requested by defendant, was properly refused. It ignored the issue raised by counts 5 and 6.

The several charges requested, to the general effect that plaintiff could not recover under any aspect of the evidence, were well refused.

We find no error in the record. Probably plaintiff was not entitled to recover upon the policy because there had been an award; but appellant refrained from presenting this solution of the case because it would have involved a concession that plaintiff was entitled to recover on the award. The jury's assessment of damages was fairly well supported by the evidence, and we have found no good reason for disturbing the result.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.