**HARTFORD FIRE INS. CO. et al. v. SULLIVAN et al.**

No. 8945—Opinion Filed Dec. 31, 1918.

Rehearing Denied March 18. 1919.

(179 Pac. 24.)

1. **Appeal and Error—Harmless Error—Amendment to Petition—Change.**

It is not prejudicial error for the court, after the introduction of testimony, to permit an amendment to plaintiff's petition which does not materially change the plaintiff's claim, and which is merely the legal conclusion resulting from facts fairly pleaded.

2. **Appeal and Error—Finding of Jury—Review.**

Where, pursuant to the terms of an insurance policy, an appraisement of property lost by fire is had, and there is testimony, though in conflict, tending to show that the appraisement was duly conducted, the finding of the jury in such respect will not be disturbed.

3. **Insurance—Fire Insurance—Proofs of Loss—Waiver.**

Where a loss occurs of property covered by an insurance policy in the standard form adopted by this state, and the insurance company enters into an agreement with the insured, by which the amount of the loss is duly determined by arbitrators duly selected pursuant to the terms of the policy, without any demand being made by the insurance company for proof of loss required by the policy, the insurance com-

pany will be deemed to have waived the furnishing of such proof of loss.

**4. Insurance—Fire Insurance. — Arbitration—Award.**

Where an insurance policy provides that the award of the arbitrators and umpire or any two of them shall determine the amount of the loss, a written award signed by one arbitrator and the umpire will be a sufficient showing of an award duly made. where the other appraiser, though having an opportunity to do so, refuses to sign. and dissents from the finding of the majority.

(Syllabus by Stewart, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by H. C. Sullivan, trustee. and the Guaranty State Bank, against the Hartford Fire Insurance Company, and Insurance Company of North America. Judgment for plaintiffs, and defendants bring error. Affirmed.

Scothorn & McRill, for plaintiffs in error.

Blakeney & Maxey, for defendants in error.

Opinion by Stewart, C. Action was brought by the plaintiffs against the two defendant insurance companies on. policies of insurance in the sum of $1,000 each covering property held by H. C. Sullivan as trustee, and against which a mortgage existed in favor of the Guaranty State Bank. No objection was made to the defendants being joined in the same action. Judgment was rendered against the defendants on each of the policies in the sum of $937.24, as awarded by an appraisement had under the terms of the policies. The only ground of defense urged is that the appraisement was not regular, and that the proof of loss was not furnished within 30 days, as required by the terms of the policies. The plaintiffs set up in the petition an agreement made pursuant to the terms of the policies by which one appraiser was appointed by the insurance companies and another by the plaintiffs, who duly selected a third person as umpire, and that, in pursuance of such appointment, the umpire and the appraiser appointed by the plaintiffs duly signed and returned the appraisement showing the actual cash value of the property, less depreciation, to be $2,499.31. One-half of three-fourths of such appraisement, it is alleged, was due to the plaintiffs from each of the respective defendants because of the loss so sustained.

After the introduction of testimony, by permission of the court and over the objection of the defendants, plaintiffs were permitted to amend their petition by inserting immediately before the prayer in the petition the following words:

"That before said agreement to appraise, and the appointment of the appraisers thereupon, the defendant waived notice and proof of loss as required by the policy."

The defendants urge such action of the court as error. The objection would no doubt be tenable if the amendment substantially changed the cause of action or the grounds upon which the plaintiffs sought relief. It is claimed that the plaintiffs did not plead facts showing a waiver of the furnishing of proof of loss, and that the amendment ought not to be allowed. From an examination of the petition we are convinced that the matters specifically set forth therein were sufficient, if true, to show waiver of proof of loss on the part of the insurance companies, and that the amendment allowed was merely the legal conclusion resulting from the facts so pleaded. Such being true, the amendment in no wise operated to prejudice the rights of the defendants.

There was much conflict in the testimony as to what was done by the appraisers, but the evidence discloses that the appraisal was conducted pursuant to the terms of the policies, such terms being in accordance with the standard form adopted by the statutes of this state. and that there was an appraisement of the loss duly made and signed by one of the appraisers and the umpire. It appears, however. that the appraiser agreed upon by the companies refused to concur in the appraisal made. and that the companies thereafter demanded a new appraisement, which, however, was not had. We are of the opinion that there is evidence sufficient to sustain the contention that an appraisement was duly made, that no advantage was taken of the companies' appraiser, and that the appraisement was valid, notwithstanding his failure to concur therein.

The defendants urge in their brief, but do not set up in their answer, that after the loss and before the appraisement there was an appraisal agreement in the following words, to wit:

"Such loss or damage shall be ascertained or estimated according to the actual cash value of said property at the time of the occurrence of said fire, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace

the same with material of like kind and quality, but such appraisement does not in any respect waive any of the provisions or conditions of said policies of insurance, or any forfeiture thereof, or the proof of such loss and damage required by the policies of insurance thereon."

In addition to the failure to plead such agreement there is no evidence in the record that the same was ever effected by the parties. The defendants call our attention to several decisions of this court holding that it is essential that the proof of loss be made in the time required by the policy, unless a waiver thereof be shown. St. Paul F. & M. Ins. Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651; Gray v. Reliable Ins. Co., 26 Okla. 592, 110 Pac. 728; Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426. There can be no doubt that such is the established holding of this court.' In determining whether or not there was a waiver, we can consider only the terms and conditions of the policies of insurance, and it will not be necessary to determine whether or not, as a condition precedent, by agreement of the parties, the terms may be changed by a subsequent agreement, nor what would be the legal effect of the subsequent agreement which defendants in their brief urge was made. By reference to the terms of the policy it is discovered that there is nothing in the policy itself which prevented the defendants from waiving the proof of loss. That, under the standard form of policies as adopted in this state, the matters pleaded in the petition and supported by the proof constitute a waiver of proof of loss is so well established, not only by sound and correct reasoning, but by the decisions of the courts, that insurance companies ought no longer to make contention to the contrary. The policy of the courts should be liberal in enforcing the payment of obligations entered into by property owners for the purpose of procuring protection, and likewise the courts should not permit the avoiding of obligation when a loss occurs through mere technicalities having no substantial foundation in justice and reason. Insurance companies should not be permitted, after a loss occurs, to treat with the insured concerning the amount of loss, thus leading him to believe that the only question to be settled is the amount of loss, and that the preliminary proof ordinarily required is not necessary. As a rule, property owners availing themselves of insurance are inexperienced laymen, and not familiar with the ins and outs, twists and turns, connected with the supposed intrica-

cies of insurance. The insured and the insurer should deal with each other on the plane of common honesty and fairness. One of the prime objects of furnishing the proof of loss is for the purpose of obtaining a description of the property lost and its value. If the insurance company does not intend to hold itself liable for the loss sustained, it ought not to enter into a contract for the ascertainment of such loss, but should meet the insured frankly and disclaim such liability. In an attempt to adjust the loss, if the insurance company desires the formal proofs of loss, the insured should be so informed, and the company ought not to be permitted to lead the insured into failing to comply with such requirement until it becomes too late to do so. In State Mutual Insurance Co. v. Green, 62 Okla. 214, 166 Pac. 105, L. R. A. 1917F, 663, will be found a collation of authorities upon this question which are in accord with the views which we here express, such views being supported by the authorities generally throughout the United States construing the standard form of policies as adopted in this state. In Ross et al. v. Phenix Insurance Co., 84 Kan. 572, 114 Pac. 1054 the Supreme Court of Kansas holds:

"A clause in the policy requiring that proofs of loss should be given a certain time before the action for the loss is brought is deemed to be waived when the insurance company, through its adjuster, proceeds to adjust the loss, and, upon a disagreement arising as to the amount of the loss, an arbitration is demanded by the company, to which both parties agree."

In Bishop v. Agricultural Ins. Co., 130 N. Y. 488, 29 N. E. 844, the court says:

"A provision in a fire insurance policy that proof of loss should be furnished within a certain time is waived where, after the expiration of such time, a written agreement is made to submit the amount of loss to appraisal, notwithstanding a provision that the insurer 'shall not be held to have waived any provision or condition of this policy * * * by any requirement, act, or proceeding on its part relative to the appraisal.'"

The following authorities are in point: National Fire Insurance Co. v. United States Building, etc. (Ky.) 54 S. W. 714; Milwaukee Mech. Ins. Co. v. Sewell, 66 Okla. 210, 168 Pac. 660; Commercial Union Assurance Co. v. Parker, 119 Ill. App. 126; Home Fire Ins. Co. v. Beau, 42 Neb. 537, 60 N. W. 907, 47 Am. St. Rep. 711; Southern Mutual Ins. Co. v. Turnley, 100 Ga. 296, 27 S. E. 975; Walker v. German Ins. Co., 51 Kan. 725, 33 Pac. 597; Caledonian

Ins. Co. v. Cooke, 101 Ky. 412, 41 S. W. 279; Union Marine Ins. Co. v. Charlie's Transfer Co., 186 Ala. 443, 65 South. 78; Gulf Compress Co. v. Insurance Co., 129 Tenn. 586, 167 S. W. 859.

The rule is correctly and tersely stated in paragraphs 11 and 12 of the syllabus in Union Marine Ins. Co. v. Charlie's Transfer Co., supra (186 Ala. 443 [65 South. 78]):

"By entering into an arbitration within the time allowed under the policy for proof of loss, the insurer waived all questions as to the fact and sufficiency of the proofs of loss."

"Where the policy provided that the award of the arbitrators and umpire, or any two of them, should determine the amount of the loss, a written award signed by one arbitrator and the umpire is admissible in evidence, where the other dissented and refused to sign as an expression of his dissent."

It is not necessary to dwell further upon the authorities. The testimony supports the material allegations of plaintiffs' petition, including the waiver, and we find that the trial court did not commit prejudicial error. The judgment is therefore affirmed.

By the Court: It is so ordered.