## Commercial Union Assurance Company, Limited, of London, England, v. David B. Parker, et al.

1. INSURANCE POLICY—*how construed.* An insurance policy containing provisions made by the company, for its own benefit, are to be construed most strongly against it.

2. INSURANCE POLICY—*when award under, will be set aside.* In this state courts of equity will set aside awards, not only for fraud, and for corrupt practices on the part of the arbitrators, or parties, but for mistake, or wilful misconduct of the arbitrators.

3. EQUITY—*extent of relief granted by.* Where equity properly takes jurisdiction of a case, it will retain such case and administer complete relief with respect thereto.

4. PROOFS OF LOSS—*when waived.* Where the company joins in an arbitration and sets up an award by way of defense, it thereby waives the policy provisions with respect to proofs of loss.

Bill to set aside award. Appeal from the City Court of East Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed March 17, 1905.

BARGER & HICKS and KRAMER, KRAMER & SHAEFFER, for appellant.

A. A. HUNT and B. H. CANBY, and WISE & McNULTY, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the City Court of East St. Louis, by appellees against appellant, to set aside an award, and to ascertain and decree the payment of the amount justly due to appellees, on a fire insurance policy. The cause was heard and determined upon evidence produced in open court, and resulted in a decree in favor of appellees, setting aside the award, finding the amount justly due on the policy to be $2,500.97 and ordering appellants to pay to appellees, David E. Parker and Floyd A. Boyles, the sum of $508.86, with interest at the rate of five per cent from December 7, 1903, the date of the decree; and to

appellee, Illinois State Trust Company, the sum of $2,-022.11, with interest at the same rate from said date.

Appellant had issued an insurance policy to appellees, Parker and Boyles, upon a building owned by them, and in which appellee, Illinois State Trust Company, was interested as mortgagee. The policy contained the following provision: "If fire occurs, * * * In the event of disagreement as to the amount of loss, the same shall * * * be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers shall then estimate and appraise the loss, stating separately the sound value and damage, and, failing to agree, shall submit their difference to the umpire; and the award in writing of any two shall determine the amount of such loss."

On March 1, 1902, fire did occur, and there was disagreement as to the amount of the loss. And thereupon, appellees selected G. Bosley and appellant selected C. J. Miller, as appraisers, and they two, chose W. J. Edinger to act as umpire. On March 17, Miller and Edinger "signed and returned a written report, that they had estimated and carefully appraised the property and determined its sound value before the fire to have been $1,800, and the loss and damage, including property totally destroyed, to be $1,481.70."

Appellant offered to pay the amount of this award, but appellees were dissatisfied with the award and refused to accept the amount therein reported, in full discharge of appellant's liability, and filed their bill as above noted.

Omitting the introduction, inducement and historical features of the bill, the charge and prayer, as abstracted are as follows:

"Your orators further show, that the said appraisers G. Bosley and C. J. Miller, had not, and did not, acting together, as such appraisers, consider and estimate the amount of the said loss and damage, and had come to no agreement or decision as to any part or portion of the said loss; that

the said appraisers, G. Bosley and C. J. Miller, did not submit to the said W. J. Edinger any matters of difference between them to be passed upon and determined by said umpire, as to the said loss and damage, and the said umpire was not called upon or requested by said appraisers to settle any such differences; that the said award is the award and decision of the said C. J. Miller and W. J. Edinger ex-clusively, without any agreement thereto, or as to any part or portion thereof by the said G. Bosley, one of the said appraisers; that the said appraisers did not act together in the making of the said award, that it was made by the said C. J. Miller and W. J. Edinger, without consultation or conference with the said G. Bosley, that no meetings were held at which all of the said appraisers and the said umpire were present and at which the question of the amount of the said award, and the amount of your orators' loss and damage by said fire were considered; that your orators were never notified by said appraisers and umpire or any or either of them of any time and place of hearing upon the question of said appraisement and award, and had no knowledge or opportunity to be heard at any such meeting; that the said award was made without the taking or hear-ing of any evidence by the C. J. Miller and W. J. Edinger and without the knowledge of your orator or the said G. Bosley; that the amount of the said award is very much less than the loss and damage to said property caused by fire; that the said award by reason of the aforesaid premises is null and void and of no binding force or effect upon your orators.

Forasmuch, therefore, as your orators are without remedy in the premises, except in a court of equity, and to the end that the said Commercial Union Assurance Company, Lim-ited, of London, England, may be required to make full and direct answer to the same, but not under oath, the oath be-ing waived, that upon a final hearing hereof, the said award may be set aside and declared null and void and of no binding force or effect upon your orators; that this court ascertain the amount of loss and damage sustained by your

orators on account of the said fire, and also the amount due to the said Illinois State Trust Company, on said mortgage indebtedness; that the court will thereupon order and decree the payment of the amount found to be justly due to your orators on said policy, the sum due to the said Illinois State Trust Company, on said mortgage indebtedness, and will order and decree that the said defendant company pay the balance of the amount so found to be due on said policy to your orators."

The bill was demurred to, demurrer overruled, and appellant answered; denying all the charges as to misconduct on the part of the two appraisers who signed the report; sets up the report of the appraisers, avers its validity and tenders the sum therein reported. It sets up all the provisions of the policy requiring notice and proofs of loss, and avers that they have neither been complied with nor waived; that the amount of loss did not exceed the amount of the award; denies that appellees are entitled to the relief prayed or any part thereof, and challenges the jurisdiction of the court, claiming the right to have the matters in dispute determined in a court of law.

Counsel for appellant raise but two questions in their brief and argument. These are, as to the validity of the award, and as to the jurisdiction of the court. We deem it better form to consider the latter question first.

Upon this question counsel says: "It is next contended by appellant that there is no equity in the bill and that a court of chancery has no jurisdiction of the matter involved; that if this is a void award, that would not have prevented complainants from having a valid award made and then bringing a suit at law. * * * If this award is valid the bill should have been dismissed. If it is void, appellees should have had a valid one made, and then proceeded in a court of law." To support this position counsel cite and rely upon the following cases as authority: Carroll v. Girard F. & M. Ins. Co., 72 Cal. 297, and Fisher v. Merchants Ins. Co., 50 Atlantic Reporter 282 (Supreme Court of Maine). To these may be added Davenport v. Long Island Ins. Co ,

9

10 Daly's New York Common Pleas Report 535, a case stronger in favor of appellant's position than either of the others, and cited by the Maine Court in support of its holding in Fisher v. Merchants Ins. Co., *supra*.    These three cases are typical and leading cases of their class.

We must approach the interpretation of this clause of the policy bearing in mind that it is of that class which the Appellate and Supreme Courts of this state have so often said must be construed most strongly against the insurer and most favorably toward . the insured.    The language in the California cases, the concluding part of a clause which up to that point is in substance the same as that in the case at bar, is, "no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until an award shall have been obtained fixing the amount of such claim in manner herein above provided."    In the Maine case the language is "such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or in equity, to recover for such loss."    In the New York case the concluding language is, "shall be binding and conclusive as to the amount of such loss or damage."    This question has been directly under consideration by our own Supreme Court, in Niagara Fire Ins. Co. v. Bishop, 154 Ill. 9.    There the language of the policy is identical with that of the case at bar.    With the question pressed upon the court there as it is pressed upon us here, and with the Davenport case under the eyes and in the minds of the judges, the court said:  "It was said in Davenport v. L. I. Ins. Co., *supra*, that  *  *  *  it is the duty of the insured to at least propose to the company the selection of new appraisers.    We are unable to subscribe to this doctrine, so far as the policy, upon which the present suit has been brought, is considered.    The contract here only requires the parties to choose appraisers once and not twice."

As to the remaining question counsel say: "The appraisement and award are valid and binding in this case, and the recovery in any event cannot be more than $1,481.70."

Commercial Union Assurance Co. v. Parker.

Whatever may be the law elsewhere, it is well established in this state that courts of equity have jurisdiction over the subject-matter and will set aside awards, not only for fraud and for corrupt practices on the part of the arbitrators or parties, but for mistake, or wilful misconduct of the arbitrators. Citizens Insurance Co. v. Hamilton, 48 Ill. App. 593; Catlett v. Dougherty, 114 Ill. 588, and authorities cited by counsel and court in these two cases. And it is a rule without a qualification that where a court of equity has properly taken and retained jurisdiction of a subject-matter for any purpose, where all interested parties are before the court, and where it is found practicable to do so, the court may retain jurisdiction for the purpose of closing up all controversy between the parties, incident to the subject-matter, and meting out complete justice.

The bill in this case sets up a state of facts which call upon a court of equity to take jurisdiction and set aside and vacate the award, and sufficient of the material allegations of the bill are clearly proven by the evidence to warrant the chancellor who heard the case, in his findings and decree, not only concerning the validity of the award, but as to the liability of appellant in the full amount found.

All questions as to notice and proof of loss have been waived. "Where a company joins in an arbitration and sets up an award as a defense, it thereby waives the policy provisions regarding proofs of loss, even though the policy stipulates that no provision therein shall be waived except by written indorsement." Carroll v. Girard Fire Ins. Co., 16 Insurance Law Journal, page 784.

We find no material error in this record. The decree of the City Court of East St. Louis is affirmed.

*Affirmed.*