## William Funk, Appellee, v. Fire Association of Philadelphia, Appellant.

### Gen. No. 5363.

1. MOTIONS FOR NEW TRIAL—*when predicated upon absence of counsel will not be granted.* If a cause is tried in its regular order the mere absence of counsel does not require the granting of a new trial; if the failure of counsel to attend is due to his own negligence then likewise a motion for a new trial need not be allowed because of such absence.

2. INSURANCE—*when proofs of loss waived.* Submitting the question of the amount of the loss to arbitration waives the requirements of the policy regarding proofs of loss, and this is true where an award is set up as a defense although the policy stipulates that no provision shall be waived except by written endorsement.

3. INSURANCE—*what defense not available under general issue.* A defense that in an action upon an insurance policy the amount of the recovery should not exceed the amount of the award fixed by arbitration is not available under the general issue.

4. INSURANCE—*when defense that loss was payable to mortgagee not available.* If the declaration upon an insurance policy avers that the plaintiff owned the property damaged the fact that the policy sued on shows that the loss was payable to a mortgagee named in a loss clause is not available to the company if the declaration was not challenged as defective and no special plea filed.

Assumpsit. Appeal from the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

RITSHER, MONTGOMERY, HART & SMITH, for appellant.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

William Funk, appellee, sued appellant, the Fire Association of Philadelphia, in assumpsit to recover a loss by fire on property insured by it. The declaration alleged that appellee was interested in the property insured and averred its destruction by fire, and that proofs of loss were furnished appellant,

and set out the policy in *hæc verba*. Appellant filed the general issue only, and a trial resulted in a verdict for appellee for $350. Counsel and witnesses for appellant were not present at the trial. Motions for a new trial and in arrest of judgment were overruled, and the Association prosecutes this appeal.

In support of the motion for a new trial the affidavits of appellant's counsel and agent were filed. Counsel's affidavit stated that he and appellant's witnesses resided in Chicago and set up the cause of their absence from the trial, and that, in his opinion, appellant had a good defense to the merits of the cause. The agent's affidavits also stated that appellant had a meritorious defense to the cause; that appellant and appellee had made an agreement for submission to arbitration, appointing appraisers, according to the provisions of the policy, which agreement specifically stated that it should not be taken as a waiver of the conditions of the policy; that the appraisers qualified and made an award for appellee's loss of $169.54; that appellee never furnished appellant proofs of loss, and that appellant never waived the furnishing of such proofs.

Counsel's affidavit simply discloses that his other professional engagements prevented his attendance upon the trial. It does not show that the cause was tried out of its order or that counsel was in any wise misled by any one connected with the case or court. In the absence of any showing to the contrary, the presumption is that the case was tried when reached regularly on the call. Courts cannot anticipate counsel's other professional engagements, and await their pleasure or convenience. If counsel's absence from the trial was negligence, then, as has frequently been decided, such negligence is charged to the appellant itself. The negligence of the attorney is the negligence of the client. A new trial will not be granted because the trial was had in the absence of the defendant and his counsel when the cause for which the new trial is claimed is attributable to the negligence and inattention of the party claiming such new trial. Koon v. Nichols, 85 Ill. 155; Bruson v. Clark, 151 Ill. 495.

Counsel argues that the record does not disclose sufficient evidence to support the verdict. There is absence of proof that appellee furnished appellant with proofs of loss. Submitting the question of the amount of loss to arbitration waived the requirements of the policy regarding proofs of loss. Commercial Union Assurance Co. v. Parker, 119 Ill. App. 126. This is true where an award is set up as a defense although the policy stipulates that no provision shall be waived except by written endorsement. Carroll v. Girard Fire Ins. Co., 16 Insurance Law Journal, page 784. There was no plea setting up the arbitration nor the agreement that the submission should not waive the provisions of the policy. Hence appellant was not harmed by the denial of the motion for a new trial.

Appellant's main contention is that appellee's recovery should not exceed the amount of award fixed by the arbitrators. Such a defense is not available under the general issue and it was not pleaded specifically. There was no error in denying the motion for a new trial.

Attached to the policy was the following clause: "Loss, if any, payable to Mary Cliggitt, Mortgagee, as her interest may appear, subject, nevertheless, to all the conditions of the policy." The declaration averred that appellee owned the property damaged. We regard this averment as sufficient to show his right to maintain the suit. If the clause above quoted affected appellee's right of recovery, it rendered the declaration defective, which could only have been questioned by demurrer. This was not done, and if a defect it was cured by the verdict. City of East Dubuque v. Burhyte, 173 Ill. 553; Illinois Steel Co. v. Ostrowski, 194 id. 376; Sargent Co. v. Baublis, 215 id. 428. Moreover, it is held in St. Paul F. & M. Ins. Co. v. Johnson, 77 Ill. 598, that, where the owner of a house insured the same, and the policy contained a clause, "loss, if any, payable to A, as she shall make appear," and it appeared that A's only interest was that of a mortgagee for a debt due her from the assured, the assured had a legal right to sue for a loss in his own name, as the whole loss was not payable to A but only to the extent of her

mortgage. Therefore, there was no error in denying the motion in arrest of judgment.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*