FILED
United States Court of Appeals
Tenth Circuit

February 15, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REGIONAL AIR, INC.,

     Plaintiff - Appellant/Cross-
     Appellee,

v.

CANAL INSURANCE COMPANY,

     Defendant - Appellee/Cross-
     Appellant.

Nos. 09-6090; 09-6101

---

**ORDER**

---

Before **KELLY** and **GORSUCH**, Circuit Judges**,** and **MELGREN**\*, District
Judge.

---

Appellant/Cross-Appellee's petition for panel rehearing is granted for the

limited purposes of adding footnotes 2 and 3 to the opinion. The petition for

rehearing is denied in all other aspects. The revised decision, filed nunc pro tunc

---

    \* Honorable Eric F. Melgren, District Court Judge, District of Kansas,
sitting by designation.

to the original filing date, is attached to this order.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

January 14, 2011

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REGIONAL AIR, INC.,

      Plaintiff - Appellant/Cross-
      Appellee,

v.

CANAL INSURANCE COMPANY,

      Defendant - Appellee/Cross-
      Appellant.

Nos. 09-6090; 09-6101

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 5:08-CV-00342-C)**

---

Edward W. Dzialo, Jr., Godlove, Mayhall, Dzialo, Dutcher & Erwin, Lawton, Oklahoma, for Plaintiff-Appellant/Cross-Appellee.

Harris A. Phillips (Linda G. Alexander, with him on the briefs), Niemeyer, Alexander, Austin & Phillips, P.C., Oklahoma City, Oklahoma, for Defendant-Appellee/Cross-Appellant.

---

Before **KELLY** and **GORSUCH**, Circuit Judges**,** and **MELGREN**[*], District Judge.

---

**GORSUCH**, Circuit Judge.

---

    [*] Honorable Eric F. Melgren, District Court Judge, District of Kansas, sitting by designation.

Sometimes litigation takes so many twists and turns that, by the end of it all, it's hard to tell who won and who lost. Ours is such a case. After much motions practice and a trial, Canal paid Regional Air just less than $60,000 for an insurance loss. After trial, both sides declared victory. And this led to a whole new fight over who won and who lost the last fight. Claiming to be the "prevailing party," each side argued that Oklahoma law entitled it to recover attorneys' fees, costs and, in Regional Air's case, interest from its opponent. Eventually, the district court declared Regional Air the prevailing party but granted the company only a fraction of the fees, costs, and interest it sought. This result satisfied no one and both sides appealed. To resolve these competing appeals, and hopefully bring this collateral dispute at least a step closer to conclusion, we must address several questions of law, including: When should relief granted before trial be included within the district court's judgment? Does a trial court have discretion to deny attorneys' fees under Oklahoma's law? When does a prevailing party's entitlement to pre-verdict interest accrue? As we will explain, our resolution of these questions agrees in many but not all respects with the district court's.

I

To make sense of the parties' current collateral litigation over attorneys' fees, costs, and interest, some appreciation of their underlying insurance dispute is required.

Beginning then at the beginning, Canal sold Regional Air an insurance policy to cover several of Regional Air's tractor trailers. For our purposes, the policy contained three important features. First, "[i]n the event of [a] loss," it required Regional Air to "protect the covered automobile"; and to ensure this would be done, Canal's policy indicated that "reasonable expenses incurred in affording such protection shall be deemed incurred at [Canal's] request." App. Vol. 2 at 200. Second, the policy required Regional Air to give notice of any loss "as soon as practicable" to Canal or its agents. *Id.* Third, in the event of a dispute about the value of a loss, the policy gave both parties the option to insist on an appraisal process before a neutral umpire. *Id.* at 201.

In June 2001, a loss occurred when a traffic accident damaged one of Regional Air's tractor trailers. In compliance with the policy, Regional Air had the vehicle towed to a safe location for storage. Regional Air then notified Canal of the wreck and Canal, after confirming coverage, forwarded the matter to its adjuster to handle the claim. On August 2, 2001, the adjuster sent Regional Air a letter offering $28,094.14 for the damage to the tractor trailer, plus $7,400 for towing and storage costs incurred through August 5. *Id.* at 202. The adjuster

offered to send a check for these amounts right away, if only Regional Air would sign and return an enclosed settlement agreement.

It didn't go that way. Writing to the adjuster on August 7, 2001, Regional Air's president warned that the offer "does not even come close to replacing this equipment," and observed that, during the time it took the adjuster to complete its assessment of the damage, "the clock was ticking and the storage fees have already exceeded $6,000." *Id.* at 206. The adjuster and Regional Air went back and forth with more offers and more rejections, but never reached agreement. Finally, and after an initial skirmish in state court, the appraisal process specified in the parties' contract was invoked and an umpire was called in to decide the dispute. In the end, the umpire awarded Regional Air $44,294.14 in total compensation — representing Canal's original settlement offer of $28,094.14 for repairs and $7,400 for towing and storage costs, plus an additional $10,000 for repairs not included in Canal's offer (less a $1,000 deductible). *Id.* at 207.

Still dissatisfied, Regional Air brought this diversity suit in federal district court seeking damages equal to the insurance policy's coverage limit, more than twice the amount of the umpire's award. Canal responded by asking the district court to confirm the propriety of the appraisal award, arguing that it shouldn't have to (re)litigate what had already been settled by the umpire consistent with the parties' contract. With this the district court agreed, ruling that the contract allowed Regional Air to avoid the appraisal award (and so obtain a greater

amount for the damage done to its tractor trailer) only if it could prove at trial that the umpire's award was a product of fraud, mistake, or misconduct. At this point, Canal attempted to settle the case with a new offer of $49,494.14 — the umpire's appraisal award plus $5,000 — but Regional Air refused the deal. Aple. Supp. App. at 63.

So the case proceeded to a jury trial. At trial, the district court found Regional Air's evidence of fraud, mistake, or misconduct lacking and directed a verdict for Canal on the question whether the appraisal award could be undone. Still, there remained one question for the jury to resolve concerning storage costs. Though the appraisal award included $7,400 for towing and storage costs Regional Air incurred during a relatively short period after the accident, the company claimed it could prove additional storage costs incurred from December 2001 through the date of trial. The district court allowed Regional Air to present this evidence and in due course the jury returned a $12,000 verdict in favor of Regional Air for its additional storage costs. After trial, the district court entered this judgment:

> Based on the evidence presented at trial, there is no legally sufficient evidentiary basis on which a jury could find for Plaintiff on its request to set aside the umpire award. Accordingly, judgment is hereby entered in favor of Defendant and against Plaintiff on that claim. . . . As for Plaintiff's breach of contract claim for storage charges, the Court enters judgment on the jury's verdict in favor of Plaintiff in the amount of $12,000.00. App. Vol. 1 at 63.

- 5 -

That brings us finally to the parties' current collateral dispute. After the district court entered judgment ending the litigation on the merits, both sides declared victory. As the "prevailing party," both Regional Air and Canal claimed themselves entitled to recover from the other side their attorneys' fees, costs and, in Regional Air's case, interest. The focus of this new fight was subsection (B) of Okla. Stat. tit. 36, § 3629, which provides that

> [i]t shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

For its part, and no doubt with an eye on § 3629's use of the word "judgment," Regional Air also filed a motion to amend the judgment, asking the district court to make clear(er) Regional Air's entitlement to recover not just the $12,000 in storage fees awarded by the jury but also the $44,494.14 Canal owed by virtue of the confirmed appraisal award.

The district court resolved the parties' competing motions in three orders entered on April 1 and 17, 2009. As an initial matter, the district court denied Regional Air's motion to amend the judgment. The court then proceeded to hold Regional Air was, nonetheless, the prevailing party. But this status turned out to

be of little benefit to Regional Air: the district court declined to award it *any* attorneys' fees or costs. On the question of interest, the district court held that Regional Air could recover pre-verdict interest on the jury's $12,000 award for storage costs — but that it was entitled to no such interest on the appraisal award confirmed before trial. Finally, the court held that Regional Air's interest on its storage costs began to accrue from the "date of loss," namely June 2001.

## II

Between Regional Air's appeal and Canal's cross-appeal, the parties have asked to overturn most every aspect of the district court's post-judgment orders. For example, Regional Air argues that, while the district court correctly determined that it was the prevailing party, the court erred by denying attorneys' fees and costs and by awarding too little interest. In Regional Air's estimation, the district court also abused its discretion when it refused to amend the judgment to include the amount of Regional Air's appraisal award. In turn, Canal submits that it, not Regional Air, is the real prevailing party due attorneys' fees and costs. And even if Regional Air is the prevailing party, Canal argues, the district court should not have awarded Regional Air any interest, or at least not interest dating all the way back to June 2001.

## A

To answer the question who prevailed — Regional Air or Canal — we must first evaluate Regional Air's challenge to the district court's judgment. That's

because Okla. Stat. tit. 36, § 3629(B) expressly hinges the prevailing party determination on what is and isn't in the "*judgment.*" The statute tells us that if the judgment doesn't exceed the insurer's written offer of settlement, the insurer is the prevailing party; otherwise, the insured is.

Before the district court, Regional Air filed a motion to amend the judgment to reflect *not just* the jury's $12,000 storage cost award but *also* the $44,494.14 appraisal award. Regional Air did this surely recognizing that, only by aggregating these amounts could the court's *judgment* exceed Canal's final written settlement offer of $49,494.14 and so render Regional Air the prevailing party. *See Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1446 (10th Cir. 1993) (noting that, when determining the prevailing party for purposes of § 3629(B), we compare the judgment to the highest settlement offer made by the insurer, whenever made). For its part the district court denied Regional Air's motion to amend, reasoning that "[w]hile [Regional Air] is entitled to recover the amount of the appraisal award, that fact is by operation of the terms of the contract and not the action pursued before the Court." App. Vol. 1 at 107.

We review a district court's disposition of a motion to amend the judgment for abuse of discretion. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). This standard of review recognizes that the question before the district court implicates a degree of judgment, invests the district court with a degree of discretion in resolving it, and bars us from simply

substituting our own discretion for the district court's. At the same time, a prejudicial error of law is never discretionary and so always a basis for reversal under the abuse of discretion standard of review. *See Valley Forge Ins. Co. v. Health Care Mgmt.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Such an error of law occurred here. Rule 54(c) of the Federal Rules of Civil Procedure directs that "[e]very [non-default] final judgment should grant the relief to which each party is entitled." While most stages of litigation provide an opportunity for at least a little bit of contention, once a court determines what relief the parties are entitled to, what gets included in the judgment is not up for grabs. As a matter of law, the district court's judgment must grant the relief — no more, no less, and nothing else — that the court has determined the parties are entitled to. *See Carter Oil Co. v. McCasland*, 190 F.2d 887, 892 (10th Cir. 1951) ("Under Rule 54(c) . . . it is the duty of the court to grant the relief to which a party is entitled . . . ."); 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Prac. & Proc. § 2664 (3d ed. 1998). And by the end of the merits litigation in this case, the district court had found Regional Air entitled to two forms of relief: 1) for the damage done to the tractor trailer and early storage costs, Regional Air was entitled to the umpire's appraisal award (no more, no less); and 2) for additional storage costs incurred after December 2001, the company was entitled to the $12,000 awarded by the jury. Both these forms of relief should have been reflected in the court's final judgment as a matter of law.

Admittedly, Regional Air set out — and failed — to win more. Regional Air sought to undo the umpire's award by showing that the award was induced by fraud, mistake, or misconduct, and the company's showing failed utterly on that front. But none of this alters the fact that the district court's orders were clear and unequivocal in holding that, unless the company could show fraud, mistake, or misconduct, the umpire's award *was* the relief (and the only relief) to which Regional Air was lawfully entitled for the damage done to its tractor trailer and for its early storage costs. The company was entitled to a judgment reflecting that fact.

The district court's § 3629 analysis illustrates our point. After having held that the appraisal award should *not* be part of the judgment, the district court proceeded to declare Regional Air the prevailing party under § 3629. Yet, the district court could find Regional Air the prevailing party *only* by aggregating the appraisal award with the storage costs verdict. (Without doing so, Regional Air's recovery would have been less than Canal's final written settlement offer, making *Canal* the prevailing party.) We agree with the course the district court took in its § 3629 analysis, aggregating Regional Air's two awards. But that course illustrates how the district court erred in refusing to amend the judgment. When conducting a § 3629 prevailing party inquiry, a court is limited by statute to comparing the insurer's settlement offer against the *judgment* achieved by the insured. In its § 3629 analysis, the district court appeared implicitly to consider

the appraisal award part of its judgment. And what the court implicitly recognized in its § 3629 analysis should have also been recognized explicitly in its judgment.

B

With a proper judgment for Regional Air — one reflecting both the $44,494.14 appraisal award and the $12,000 verdict for storage charges — the question who prevailed for purposes of § 3629 becomes straightforward: Regional Air received a judgment for $56,494.14; this is more than Canal's highest settlement offer of $49,494.14; thus, Regional Air is the prevailing party, just as the district court concluded.

Of course, Canal disputes this, suggesting that *it* is the true prevailing party. To reach the conclusion it does, however, Canal must (and must ask us to) split in two the relief Regional Air won. According to Canal, Regional Air's claim for storage costs under the insurance policy is "entirely separate" from its claim under the policy for the loss of the truck itself. Aple. Br. at 17. Under Canal's theory, the $49,494.14 pre-trial settlement offer should be measured against only the $44,494.14 portion of the judgment enforcing the appraisal award — and thus *Canal*, not Regional Air, should be deemed the prevailing party.

We cannot agree. Whatever other problems may attend this theory (and Regional Air purports to identify many), it rests on a clearly mistaken premise. The amounts Regional Air recovered — the $44,494.14 appraisal award and the

$12,000 for storage charges — all flow from a *single* breach of contract claim. Indeed, the umpire's contract award, on which Canal based its own settlement offer, itself included a component for storage costs incurred early on; the jury's verdict simply brought these storage costs forward, recognizing that more such costs had been incurred (and were due under the contract's terms) while this dispute lingered. The appraisal and storage amounts, thus, are merely different components of the damages that Regional Air claimed and won under a single breach of contract cause of action.

C

The next question thus becomes what relief Regional Air is entitled to as the prevailing party under § 3629. We begin with the question of attorneys' fees and costs. The district court cited two reasons for denying any fees or costs to Regional Air. Regional Air challenges both rationales, and so we consider each in turn.

1

The district court first held that "[t]he plain language of § 3629 requires the insured to submit a proof of loss" as a precondition to recovery of any fees or costs. App. Vol. 1 at 112. In the district court's view, Regional Air never submitted to Canal a proof of loss for storage fees. Given this "absence of a proof of loss for the storage charges," the court held, Regional Air forfeited its statutory entitlement to attorneys' fees and costs. *Id.*

- 12 -

This analysis rests on a legal error. As an initial matter, and while there are no doubt strong arguments for the district court's statutory interpretation, so far we have only assumed (without committing to) the view that a proof of loss is an essential precondition to recovery under § 3629. *See Stauth v. Nat'l Union Fire Ins. Co.*, 236 F.3d 1260, 1265 (10th Cir. 2001); *Murray v. First Marine Ins. Co.*, 29 F. App'x 503, 505-06 (10th Cir. 2002) (unpublished). But we have expressly held that *if* a proof of loss is a predicate to recovery under § 3629, it is a requirement easily met: an insured need only provide the kind of notice its policy requires for receiving coverage. *See Stauth*, 236 F.3d at 1262, 1265 ("[T]he terms of the [policy] compel[] the conclusion that . . . notification . . . of the existence of the [potential liabilities] would be all that was necessary to satisfy a 'proof of loss' requirement."). So what sounds like a looming requirement for *proof* is actually just a matter of providing *notice* of a loss in a manner that complies with the contract's terms. Or, as the Oklahoma Court of Civil Appeals put it: "Section 3629 is triggered by *notice* from an insured claiming to have a covered loss." *See Ass'n of Cnty. Comm'rs v. Nat'l Am. Ins. Co*, 116 P.3d 206, 211 (Okla. Civ. App. 2005) (emphasis added and internal quotation omitted).

The undisputed facts show Regional Air provided Canal with such notice. The parties' insurance policy required Regional Air to give Canal notice "as soon as practicable" in the event of damage to the insured equipment. The policy also

- 13 -

required Regional Air to store the damaged equipment, and expressly provided that Canal would reimburse the expenses Regional Air incurred in doing so. Thus, as soon as Regional Air reported the accident, Canal should've known that Regional Air was incurring storage costs — and that those costs were Canal's responsibility. What's more, it's apparent that Canal *did* know Regional Air was incurring storage costs. In its August 2, 2001 letter, Canal's adjuster offered $7,400 for "wrecker service and *storage charges*." App. Vol. 2 at 202 (emphasis added). And when Regional Air rejected that offer a few days later, it warned the adjuster that "the clock was ticking and the *storage fees* have already exceeded $6,000." *Id.* at 206 (emphasis added). Canal thus had abundant notice that Regional Air was incurring storage costs and expected Canal to pay them. As a matter of law, this notice satisfied any proof of loss requirement found in § 3629 (if one exists at all). *See Stauth*, 236 F.3d at 1266; *Ass'n of Cnty. Comm'rs*, 116 P.3d at 211.[1]

---

[1] To be sure, Canal's policy additionally required Regional Air to file at a later date, "within 91 days after loss, [a] sworn proof of loss in such form and including such information as the company may reasonably require." App. Vol. 2 at 200. But the policy defines "loss" as "direct and accidental loss or damage." *Id.* Therefore, by the policy's own terms, this additional requirement did *not* apply to consequential expenses incurred at Canal's request — such as the storage charges at issue here. What's more, Canal may have waived the proof of loss requirement by submitting Regional Air's claim to an arbitration process and seeking to use that arbitration as a defense in court. *See Milwaukee Mech. Ins. Co. v. Sewell*, 168 P. 660, 664 (Okla. 1916).

The district court offered a second rationale for denying Regional Air attorneys' fees and costs, holding that any such award would not be "reasonable." App. Vol. 1 at 112. Here again, and again as a matter of law, we cannot agree. Section 3629 says "costs and attorney fees *shall* be allowable to the prevailing party" (emphasis added). Applying this plain language, we and Oklahoma courts have said that, once a litigant establishes itself as a prevailing party under § 3629, an award of attorneys' fees and costs *must* follow. *See Stauth*, 236 F.3d at 1267; *Shadoan v. Liberty Mut. Fire Ins. Co.*, 894 P.2d 1140, 1143-44 (Okla. Civ. App. 1994). To be sure, a district court retains discretion to "determine the *proper amount* of an attorney fee [and cost] award," but it does not retain discretion *whether* to issue an award. *Shadoan*, 894 P.2d at 1144 (emphasis added). The Oklahoma legislature left courts with no wiggle room on that score, and we may not revisit or revise that legislative judgment.

Because neither of the district court's rationales for denying attorneys' fees and costs remains standing, we must remand this matter to the district court for a determination of what amount of attorneys' fees and costs (and for what work — whether in the district court or here) Canal owes Regional Air. In doing so, we express no judgment on what the outcome of its proceedings may be. We do not, for example, pass on the question whether cost awards are, in a federal diversity action, governed by Oklahoma's statute or by the federal rules of civil procedure,

or what amount of attorneys' fees would be "reasonable" under Oklahoma law.
*Cf. Oulds*, 6 F.3d at 1445 (holding that at least § 3629's *attorneys' fees* provision applies in federal diversity actions). Those are questions entrusted to the district court in the first instance. We may and do hold only that the two rationales offered by the district court for denying fees and costs to date cannot be sustained as a matter of law.

D

Remaining before us still is the question what interest Regional Air should receive as the prevailing party. Section 3629 directs the trial court to "add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict."[2] *See also McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 680 (10th Cir. 1989) (holding that, in a diversity case like this, "[t]he issue of possible entitlement to prejudgment interest is governed by state law"). The district court interpreted § 3629's language as requiring it to award interest on Regional Air's storage costs — but not its appraisal award. The court then proceeded to hold

---

[2] In its opening brief, Regional Air alluded briefly to the possibility that it might be entitled to prejudgment interest under another statute besides § 3629, namely 23 Okla. Stat. § 22. With no more to go on than the couple of conclusory sentences Regional Air tacked onto its argument for interest under § 3629, however, we decline to consider this argument. *See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Continental Ins. Co.*, 891 F.2d 772, 776 (10th Cir. 1989) ("Merely mentioning [an issue] in another context is not enough," particularly where, as here, the issue was not identified in the party's statement of the issues raised on appeal).

that interest should run from "the date of loss," presumably meaning the date of the accident in June 2001. App. Vol. 1 at 113. Before us, both parties again take issue with both aspects of the district court's disposition.

1

Regional Air protests that it is entitled as a matter of law to interest on *both* the storage costs verdict *and* its appraisal award. In effect, Regional Air asks for interest on all the relief properly included in the judgment.

We cannot oblige. As we've discussed, § 3629 directs our attention to the *judgment* when it comes to assessing who qualifies as the prevailing party. *See infra* Part II.A. But when it comes to the different question how much interest to award the now-identified prevailing party, the statute instructs us to award interest *not* on the *judgment* but "on the *verdict*." A verdict, of course, is "[t]he decision of a jury . . . upon an issue which has been submitted to their judgment." 19 Oxford English Dictionary 533 (2d ed. 1989); *see also* Black's Law Dictionary 1592 (Deluxe 8th ed. 2004) ("A jury's finding or decision on the factual issues of a case."). Thus, by operation of the plain terms of the statute, the district court's chosen course was the correct one.

Confirming this conclusion is the fact that throughout § 3629 the Oklahoma legislature juxtaposed the word "verdict" with use of the word "judgment" — a broader term embracing all final determinations of rights, however obtained. *See* Black's Law Dictionary at 858. Where, as here, a legislature uses different terms

in the very same statutory provision, we take cognizance of that choice by presuming the legislature intended the different words to carry with them (their traditional) different meanings. *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 23 (1983); *Anderson v. United Tel. Co. of Kan.*, 933 F.2d 1500, 1502-03 (10th Cir. 1991).

To all this, Regional Air responds by questioning the soundness of a policy that allows interest on amounts won only through verdicts and not through other means. We can, however, imagine at least plausible reasons why the Oklahoma legislature might have wished, as a matter of policy, to give special solicitude to amounts won through verdicts (in recognition of the extra amount of time and effort usually required to achieve them, for example). And much more importantly than any of this is the fact that no policy argument about what the law *should be* can suffice to establish that the district court erred in reading the law *as it is*. Of course the Oklahoma legislature *could have* provided for interest on the judgment rather than on the verdict. But that's not what the legislature *did*. If Oklahoma's law is to be changed to provide for interest on *judgments* rather than on *verdicts* based on policy considerations, that job belongs to the properly authorized Oklahoma state authorities, not to this federal court sitting in diversity.

*See Valley Forge Ins. Co.*, 616 F.3d at 1098; *Russo v. Ballard Med. Prods.*, 550 F.3d 1004, 1023 (10th Cir. 2008).[3]

2

Not to be outdone, Canal also asks us to reverse the district court's award of interest. Its argument proceeds in two steps. First, Canal says we should imply in § 3629 a rule that interest may be awarded only from the date a plaintiff's claim becomes "certain or capable of being made certain by calculation." Aple. Br. at 22 (internal quotation omitted). Second, Canal submits, such certainty was lacking here until the amount of Regional Air's entitlement was "judicially determined," presumably by virtue of the district court's final judgment. *Id.* To resolve this argument, we need not decide whether Canal's first premise has any merit because the second premise is plainly faulty. Regional Air's storage costs *were always* readily ascertainable by calculation; as

---

[3] Although we awarded interest under § 3629 on an amount won on summary judgment (and hence not by jury verdict) in *McNickle v. Bankers Life & Casualty Co.*, that case addressed only the date on which interest became "payable" for purposes of § 3629. 888 F.2d at 681-82. Because the matter was not presented to us on appeal, we did not consider or decide the question whether § 3629 applies to non-verdict judgments. Although Oklahoma's intermediate appellate court has on occasion awarded interest under § 3629 in the absence of a jury verdict, *see, e.g.*, *Banks v. Cimarron Ins. Co.*, 882 P.2d 580, 582 (Okla. Civ. App. 1994), Regional Air has cited no binding precedent actually discussing or deciding the question whether prejudgment interest under § 3629 is available absent a verdict. *See Cooper Indus., Inc. v. Aviall Svcs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

the trial transcript demonstrates, all that was needed to figure them out precisely was the monthly storage bill and a multiplication table.

Retreating, Canal pursues a separate argument for reducing, but not eliminating, Regional Air's interest award. Here Canal gains more traction. Canal points out that the district court awarded interest starting from the "date of loss," and so apparently from the date of the accident in June 2001. But storage costs accrue a day (or month) at a time, and, under § 3629, interest runs "from the date the loss was *payable pursuant to the provisions of the contract*." Interest does not run, as the district court held, from the "date of loss." Indeed, such a result would risk affording a party like Regional Air interest on amounts even before they were actually incurred, a result the plain language of § 3629 is clearly aimed at avoiding. We thus must vacate the district court's interest award and remand this matter for the court to recalculate its award starting from the date or dates Regional Air's storage cost losses reflected in the verdict were payable pursuant to the provisions of the parties' contract.

* * *

By way of summary, we hold that the district court erred by failing to amend the judgment, that its rationales for denying attorneys' fees and costs were legally erroneous, and that it failed to employ the appropriate date for the accrual of the interest due to Regional Air for purposes of Oklahoma's statute. At the same time, we uphold the district court's determination that Regional Air was the

- 20 -

prevailing party and that it was entitled to interest on the verdict. The district court's April 1 and 17, 2009 orders are vacated and this matter is remanded for further proceedings consistent with this opinion.