JOHN FRANCISCHINI, RESPONDENT, v. DAVID A. McMULLEN, APPELLANT.

Argued January term, 1928—Decided July 10, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the respondent, *William E. George.*

For the appellant, *Raymond E. Taylor.*

PER CURIAM.

Suit resulted from an automobile collision, and was tried in the Bergen County District Court without a jury.

The court allowed damages for the cost of repairs to the damaged automobile, amounting to $389.56, and for the loss of earnings to the owner of $90, and judgment was entered

for the total of these amounts $479.56. The defendant paid on account of the judgment $389.56, representing the cost of repairs.

The question presented to the court for consideration is as to whether the admission of testimony as to the loss of earnings suffered by the plaintiff, by reason of his inability to use the damaged car, is legally correct, involving the sum of $90 for loss of earnings. By way of a basis of damage the state of demand alleges: "The loss of use of said automobile which was used as a private car for hire and taxi."

Plaintiff testified that he never hired, or attempted to hire, another vehicle to replace the damaged automobile while the same was being repaired. He offered testimony that he earned $10 to $12 a day by using his car for taxicab purposes. The court found that nine days were reasonably necessary to make the repairs, and taking the daily earnings at $10 allowed the plaintiff $90 for the loss of use of his car. There is absent from the testimony any proof that the plaintiff made any effort to procure another car, or offered any excuse for not doing so, or that he was so injured that he could not have used the car if he had hired it, or that such a car was unavailable, or that he could not have secured other employment during the period of the repairs.

Under the circumstances we think it was error for the court to allow evidence of earnings as a measure of damage for the loss of use of a car. The rule seems to be established that in the absence of proof that a similar machine could not be hired in the market, evidence of profits derived from the injured vehicle is inadmissible upon the question of the measure of compensation. *Blash. Encycl. Auto. L.* 2011, and cases cited.

The judgment is reversed.