[Civ. No. 11836.   First Dist., Div. One.   June 6, 1942.]

OAKLAND CALIFORNIA TOWEL CO., INC. (a Corporation), Respondent v. JAMES E. SIVILS, Appellant.

Pierre A. Fontaine for Appellant.

Melville C. McDonough for Respondent.

WARD, J.—Appeal by defendant from a judgment in favor of plaintiff corporation for $873.78, together with attorney's fees and costs, in an action for damages arising from defendant's alleged breach of a contract between the parties for linen supply service.

On September 23, 1937, the parties hereto entered into a contract by which respondent agreed to furnish, for a period of three years, such linen supplies as appellant would require in his chiropractic business. Subsequently the contract was modified by the establishment of a guaranteed weekly minimum of service for the sum of $14.47 a week. On February 16, 1938, appellant prevented further performance of the contract on respondent's part. Had the contract been performed according to its terms there would have accrued to the respondent during the period yet to run the sum of $1,953.45. After new trial granted on the issue of damages alone, the court found that respondent would have incurred expenses in the performance of the contract during said period in a sum of $1,079.67, and that therefore the amount of damage sustained was only the difference between these sums, viz., $873.78.

It is appellant's contention that the amount of damages awarded is excessive for the reason that respondent suffered

"no loss or damage by reason of said breach, and if any such loss or damage should be found, the same is negligible."

He further contends that the trial court did not take into consideration as an offset all items of cost that would be necessarily incurred by respondent in furnishing the service; and that not only the direct, but indirect, costs, such as overhead, should have been considered. Respondent on the other hand urges that overhead or fixed costs were not affected by the performance or non-performance of the contract.

The terms "fixed costs," "overhead," "direct overhead," "indirect overhead," "indirect miscellaneous overhead," "profits," "loss," "detriment," "benefit," etc. are words that may be defined technically, or according to their popular sense, the latter involving a consideration of the subject matter and manner of use. The definition of a word adopted in one judicial decision may not be applicable in a case involving different facts or subject matter. The use of a certain word in a statute, contract or pleading may be clear and certain and subject to plain definition, yet the same word employed under different circumstances may be incorrect or ambiguous if its meaning be restricted to that particular definition. This observation as it relates to the question involved on this appeal, namely, measure of damages, may be considered an answer to the numerous citations involving words, terms and phrases.

■ If the performance of an obligation be prevented by one party thereto, the other party is entitled to all the benefits which he would have obtained had it been performed by both parties. (Civ. Code, § 1512.) Ordinarily in an action such as the present, the measure of damages is the amount which will compensate the party aggrieved for the detriment proximately caused by the breach (Civ. Code, § 3300; *Carrier* v. *Piggly Wiggly of S. F.,* 11 Cal. App. (2d) 180 [53 P. (2d) 400]; *Sobelman* v. *Maier,* 203 Cal. 1 [262 Pac. 1087]; *Hitchcock Military Academy* v. *Myers,* 76 Cal. App. 473 [245 Pac. 219]; *Ahlers* v. *Smiley,* 163 Cal. 200 [124 Pac. 827]; *Winans* v. *Sierra Lumber Co.,* 66 Cal. 61 [4 Pac. 952]; Restatement of the Law of Contracts, §§ 329-335) unless speculative or conjectural loss of profits is a basis for damages. (*Kenyon* v. *Western Union Tel. Co.,* 100 Cal. 454 [35 Pac. 75]; *McGregor* v. *Wright,* 117 Cal. App. 186 [3 P. (2d) 624]; *Brunvold* v. *Johnson,* 36 Cal. App. (2d) 226 [97 P. (2d) 489]; *Hollywood Laundry Cleaning & P. Co.* v. *Hollywood L.*

*Service,* 217 Cal. 131 [17 P. (2d) 712].) In the present case the evidence shows that the damages are reasonably ascertainable.

Whatever confusion may appear from the use of the terms heretofore referred to, as applied to the facts of a particular case, the true rule seems to be that the prospective profits should be diminished by charges composing an essential element in the cost of manufacture, or, as in this case, of service. Essential elements in such cost do not include remote costs, overhead or otherwise, but are confined to expenditures that would necessarily have been made in the performance of the contract. The only matter of concern is the detriment suffered or benefit lost as the result of the breach. If the fixed expenses neither increased nor decreased as a consequence of the nonperformance of the contract, there would be no loss or benefit arising from that factor.

Whether a particular charge is an essential element and therefore to be considered, or whether it is not affected as a consequence of the nonperformance of the contract, is a question of fact. The evidence amply supports the findings that the charges here challenged were fixed charges in no way affected by the nonperformance and were therefore not deductible from the amount of damages otherwise established.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 3, 1942.