**RESOLUTE INS. CO. v. PERCY JONES, Inc.**

No. 4436.

United States Court of Appeals
Tenth Circuit.

Aug. 4, 1952.

310

Harry M. Crowe, Jr., Tulsa, Okl., for appellant.

David J. Morrison, Oklahoma City, Okl. (Butler & Rinehart, Oklahoma City, Okl., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action on a collision insurance policy issued by appellant to appellee covering an Autocar oilfield truck. The policy so far as material insured against loss resulting from collision and upset. The truck was damaged in a collision. A controversy arose between the insured and the insurance company and this action was instituted to recover damages to the truck, monies expended in properly repairing it and for loss of time for the use of the truck.

The complaint alleged the issuance of the policy and the damage to the truck. It alleged that pursuant to the terms of the policy and at the Company's request the truck was delivered to a Dallas repairman for appraisement of repairs; that such appraisement was made, but rather than the company ordering the repairs performed, it did on December 5, 1950, make written demand upon appellee to deliver the unit into appellant's possession and that it elected under the terms of the policy to make the repairs itself and accept full responsibility therefor. The complaint further alleged that thereafter the company informed appellee that the unit was ready for delivery at Dallas, Texas, but that it would deliver it only upon condition that appellee release the company from any future claim for damages and conditioned further upon appellee accepting a guarantee from the repairing agent and releasing the company from any and all responsibility for improper repairs. The complaint alleged the steps taken thereafter to obtain possession of the truck, additional sums expended by appellee, as well as the payment of the repair bills.

incurred by the company, and prayed for damages therefor and for loss of time in the total sum of $10,933.55. In a second cause of action not involved in this appeal, additional damages were sought to be recovered.

To this complaint the company filed an answer in which it admitted that it elected under the terms of the policy to repair the insured unit; that the repairs were made and the truck restored to its former condition; that thereupon it notified appellee of such facts and requested that it inspect the truck to determine if such repairs were completed in accordance with the terms and provisions of the policy; that appellee refused to make such inspection and that thereafter it delivered its check to appellee in the sum of $879.81 in full payment of appellee's claim under the policy and in complete performance and discharge of its contract for the repair of the truck. A trial was had to a jury at which appellee introduced its evidence and rested. At the conclusion of appellee's case, the company orally moved the court to dismiss the action because the complaint failed to state a cause of action on account of appellee's failure to allege therein performance of conditions precedent and that the complaint did not allege waiver of such conditions on the part of the company. The motion was overruled and the company introduced no evidence. The cause was submitted to the jury and it returned a verdict for appellee for $1800 for loss of the use of the vehicle and $2186.30 for repairs.

Appellant urges that the complaint was fatally defective because it failed to aver that proof of loss had been tendered to the company or that it had been waived by it. It is also urged that the complaint failed to comply with Rule 9(c) of the Federal Rules, 28 U.S.C.A., which permits pleading compliance with conditions precedent by general allegations.

There was introduced in evidence a letter by the company to appellee under date of December 6, 1950, well within the 60 day period for the filing of proof of loss, in which the company, after referring to a telephone conversation with respect to the damaged truck stated: " * * * be advised that the company has asked me to inform you that we are waiving the Proof of Loss clause of this policy, therefore, it would not be necesssary for you to sign a Proof of Loss within the sixty day period. We are this date informing our Dallas branch office to have repairs started to this unit immediately." The company's answer also pleaded that "it elected under the terms of the policy to repair said insured unit." Appellee did not in its complaint allege waiver of conditions precedent, but it did by its evidence establish that the company waived filing of proof of loss. In addition, the company's answer pleaded facts which established a waiver of proof of loss. Thus it pleaded that it had elected to take advantage of the policy provision giving it the right to repair the truck and that it had demanded possession thereof for that purpose. There was, therefore, no need for filing proof of loss. Filing thereof would have been of no benefit to the company.

The requirements of an insurance policy for proof of loss may be waived by words or conduct as well as by express statement.[1] So also the failure to allege compliance with conditions precedent may be cured by the allegations of the answer as well as by evidence during the course of the trial.[2] We conclude that this evidence and the answer of the company established waiver of filing proof of loss and that the company's oral motion at the conclusion of plaintiff's case to dismiss the action was properly overruled.

The further contention is made that the court erred in submitting to the jury

1. Home Ins. Co. of New York v. Sullivan Machinery Co., 10 Cir., 64 F.2d 765; Penquite v. General Accident, Fire & Life Assur. Corp., 121 Kan. 174, 268 P. 851; Snell v. North British & Mercantile Ins. Co., 61 Mont. 547, 203 P. 521; Concordia Ins. Co. v. School Dist. No. 98, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528; Id. 10 Cir., 40 F.2d 379.

2. Milwaukee Mechanics Ins. Co. v. Sewell, 66 Okl. 210, 168 P. 660; Zimmerman v. Continental Life Ins. Co., 99 Cal.App. 723, 279 P. 464; Walker v. German Ins. Co., 51 Kan. 725, 33 P. 597; Albertson v. Federal Communications Commission, 87 U.S.App.D.C. 39, 182 F.2d 397; 41 Am.Jur., Pleading § 402.

the issue of loss of profits because the evidence with respect thereto constituted a variance with the pleadings and in any event was too remote, speculative and uncertain to support a verdict or judgment based thereon. While the allegations of the complaint with respect to the loss of profits were meager and very general, we think they were sufficient. The complaint alleged the wrongful withholding of possession of the truck, the unreasonable delay in making the repairs, and contained a prayer for damages for loss of time. Loss of time could only refer to loss resulting from failure to use the truck. Under the liberalized pleading authorized by the Federal Rules of Civil Procedure this was sufficient to state a cause of action for special damages for loss of the use of the truck.

■■ Ordinarily the measure of damages for delay in furnishing machinery, equipment or property of that nature is its fair rental value, but when, as here, it appears that there is no like property available, then the measure of damages is the loss of profits during the time the owner was unlawfully deprived of the use of the truck.[3] Appellee offered testimony establishing that he had full time demand for the use of the truck and established the number of days it was out of use because of the negligent conduct of appellant and that no similar trucks were available. Appellant's contention that profits from the operation of the truck are too remote and speculative to be reasonably ascertainable is not well taken. We are dealing here with an established business and with the operation of a number of trucks employed therein. The gross income from the use of the truck is known. The items to be charged against gross income from the operation of a business such as this one are well recognized.

■ One of appellee's accountants testified that the truck would have earned approximately $60 per day, 7 days a week, if it had been in use. In arriving at the net profits, he deducted $8 a day for the driver, $5 for gas and oil, $2 for insurance paid on gross receipts, and $2.30 per day depreciation. Deducting these items from $60, he arrived at an approximate daily net profit of $42 for 263 days. This evidence was objected to as not being the proper measure of damages. It is contended that if loss of profits is to be the measure of damage the evidence was incompetent, because it made no allowance for general maintenance and overhead expense and, therefore, could not be a gauge to measure appellee's actual loss of profits.

To say that one is entitled to recover his net profit is another way of saying that he is entitled to recover what he actually lost, as a result of the other party's default. In other words, he is entitled to be made whole as a result thereof, to be placed financially were he would have been but for such breach. It is one's duty to mitigate damages, if able to do so. If as a result of this truck being out of use for this long period of time, appellee did or reasonably could have reduced his general overhead, he would be required to do so and would be required to deduct a proportionate part of such items from the gross receipts from this truck, in determining his actual loss. There is no evidence that general expenses decreased and certainly none that they could have been decreased. Requiring appellee under these circumstances to deduct from the gross receipts the allocated part of the general expenses attributable to the operation of this truck and computed as a part of the total charge made for its use would not make it whole. It would mean that the remaining trucks would be required to bear the part of such expenses properly attributable to this truck and the net receipts from their operations would be correspondingly decreased.

Compensatory damages will be given for the net amount of loss or gain prevented by one's breach.[4] Where the overhead re-

3. 25 C.J.S., Damages, § 77, p. 574; 15 Am. Jur., Damages § 129; Southern Ry. in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S.W. 1162; Franchischini v. McMullen, 6 N.J.Misc. 736, 142 A. 651; Jellum v. Grays Harbor Fuel Co., 160 Wash. 585, 295 P. 939; Weston v. Boston & M. R. R., 190 Mass. 298, 76 N.E. 1050, 4 L.R.A.,N.S., 569; Sellari v. Palermo, 188 Misc. 1057, 70 N.Y.S.2d 554.

4. Restatement of Contracts § 329.

mains constant, the part attributable to the operation of a particular vehicle or unit is not saved during the time it is out of use and is lost, if one is required to deduct it from the gross receipts from the operation of such unit. The cases have generally held that where such expenses as general overhead operations remain constant they are not to be considered in determining loss from non-use of a particular item or operation from a breach of an obligation.[5]

We conclude that the evidence was properly received and supports the verdict and judgment appealed from.

Affirmed.

5. Oakland California Towel Co. v. Sivils, 52 Cal.App.2d 517, 126 P.2d 651; King Features Syndicate v. Courrier, 341 Iowa 870, 43 N.W.2d 718; Georgia Power & Light Co. v. Fruit Growers Express Co., 55 Ga.App. 520, 190 S.E. 669; In re Kellett Aircraft Corp., 3 Cir., 191 F.2d 231.