[No. 749-1.    Division One—Panel 2.    December 13, 1971.]

ROBERT WILLIAMS, *Respondent,* v. TRYGVE FIXDAHL *et al., Appellants.*

*Ralph B. Potts,* for appellants.

*Beresford & Booth* and *Robert W. McKisson,* for respondent.

FARRIS, A.C.J.—Mr. Williams, a plumbing contractor, recovered a judgment in the sum of $14,120.84 against Mr. Fixdahl for breach of an oral contract to do plumbing work on a condominum that Mr. Fixdahl was building in Edmonds, Washington. Mr. Fixdahl appeals. He contends that no contract was entered into because there was no meeting of the minds and, in any event, the award of alleged total gross profit was erroneous since fixed overhead expenses were not deducted. The dispute centers around acts of the parties following the submission by Mr. Williams of a bid to do the plumbing work on the condominium.

It is not disputed that the parties anticipated a subsequent written memorandum of their agreement. Nor is it disputed that Mr. Williams made an offer to perform and that Mr. Fixdahl awarded the job to another. The question presented by this appeal is whether respondent's offer was accepted by one who had the authority to accept such an offer, thereby forming a binding contract, or whether instead the parties merely negotiated preliminary to a written contract. The trial court found as a fact:

Prior to June 3, 1969, the defendant orally advised the plaintiff that his bid was accepted and that the plaintiff would be doing the plumbing work on the defendant's building.

. . .

On or before June 3, 1969, the defendant advised the architect, Miles Yanick, that the plaintiff was to do the plumbing work on the building involved herein and Miles Yanick at that time orally notified the plaintiff to proceed.

As of June 3, 1969, an oral contract for the plumbing work on the building involved herein between the plaintiff and defendant was formed.

Findings 6, 8 and 9.

The record reflects that Mr. Yanick, one of the project architects, testified as follows (with regard to authorizing Mr. Williams to proceed): "I said, 'Fixdahl informed me that you can get on the job, . . .'" and on cross-examination (regarding conversation with Fixdahl which authorized him to engage Williams): "I think he said, 'Well, he's the low bidder, isn't he?' and I said, 'Yes.' And he said, 'Well, guess we'd better use him then.'" Mr. Williams testified: "I knew I had the job when I was told by both of them to proceed."

■ The function of an appellate court is not to weigh the evidence. Rather the court on appeal is required to determine whether there is sufficient evidence in the record to support the findings of the trial court. *Lamm v. McTighe*, 72 Wn.2d 587, 434 P.2d 565 (1967); *Kuster v. Gould Nat'l Batteries*, 71 Wn.2d 474, 429 P.2d 220 (1967). Although "[a] mere scintilla of evidence will not support the findings", *Hewitt v. Spokane, P. & S. Ry.*, 66 Wn.2d 285, 286, 402 P.2d 334 (1965), evidence is sufficient if it is "evidence of a kind and quantity that will persuade an unprejudiced thinking mind of the existence of the fact to which the evidence is directed." *Hewitt v. Spokane, P. & S. Ry., supra* at 286. This test was met. There was substantial evidence to support the findings of the trial court.

■ Written acceptance was not a condition precedent to the formation of the contract here.

If parties intend or agree that the terms of a contract shall be reduced to a formally integrated and mutually executed writing as a condition precedent to the contract's *existence*, there is no contract until that is done. However, in the absence of evidence that the parties intended to so specifically condition their obligation, an informally manifested agreement, otherwise sufficient, is binding even though the parties contemplate later execution of a writing. 1 Williston on Contracts 59, 63 §§ 28,

28A; 1 Corbin on Contracts 75, § 30, 1 Restatement, Contracts 33, § 26; *Washington Dehydrated Food Co. v. Triton Co.*, 151 Wash. 613, 276 Pac. 562; *Pettaway v. Commercial Automotive Service*, 49 Wn. (2d) 650, 306 P. (2d) 219.

*Bharat Overseas, Ltd. v. Dulien Steel Prods., Inc.*, 51 Wn.2d 685, 688, 321 P.2d 266 (1958). The record reflects that, in bidding on plumbing contracts, it was the common policy of the Williams Plumbing Company and the party for whom the work was to be performed to reduce their agreement to writing, whether prior or subsequent to commencing work. The record also reflects that Mr. Fixdahl required that Mr. Williams complete an American Institute of Architects form entitled "Standard Form Of Acceptance Of Subcontractor's Proposal" and that this form was never submitted by Mr. Williams. However, these considerations do not defeat the findings of the trial court that "the defendant orally advised the plaintiff that his bid was accepted . . . ." and that "an oral contract for the plumbing work . . . between the plaintiff and defendant was formed." When, as here, there is substantial evidence to support the findings of fact of the trial court, they will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The contract was breached when Mr. Fixdahl refused to permit Mr. Williams to perform the work. In determining the damages which resulted from this breach, the trial court based its award upon an itemization by an accountant of gross profits that were lost by Mr. Williams because of his inability to perform. This testimony was not rebutted. Mr. Fixdahl argues that fixed office expense should have been deducted from the award. He relies upon *Brand Inv. Co. v. United States*, 58 F. Supp. 749 (Ct. Cl. 1944). The failure to compute damages for a breach of contract with absolute certainty does not defeat the award for damages. The requirement is that damages be shown with reasonable certainty and a reasonable degree of accuracy. *Sposari v. Matt Malaspina & Co.*, 63 Wn.2d 679, 388

28

P.2d 970 (1964). This test was met. Neither party introduced evidence from which the court could conclude that certain fixed overhead items were reduced because of the failure of Mr. Williams to perform the contract. The failure of the trial court to require such evidence upon the facts before us was not error. We do not reach the question of whether such evidence can be considered. We merely decide that it was not error to fail to require it in the instant case. *See Oakland California Towel Co. v. Sivils,* 52 Cal. App. 2d 517, 126 P.2d 651 (1942); *Vitex Mfg. Corp., Ltd. v. Caribtex Corp.,* 377 F.2d 795 (3d Cir. 1967).

Affirmed.

JAMES and SWANSON, JJ., concur.